**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal Action No. 19-790 (MAS) |
| v. | **MEMORANDUM OPINION** |
| ERIC G. HAFNER, | |
| Defendant. | |

## SHIPP, District Judge

This matter comes before the Court upon Defendant Eric G. Hafner's ("Defendant") Motion to Dismiss on Speedy Trial Grounds (ECF No. 54). The United States of America (the "Government") opposed (ECF No. 59), and Defendant replied (ECF No. 60). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.[1] For the reasons set forth herein, Defendant's Motion to Dismiss is denied.

## I.  BACKGROUND

The Motion now before the Court is Defendant's third motion seeking dismissal of the Indictment based on speedy trial-related issues. (*See* ECF Nos. 35, 46, 54.)

On October 6, 2016, Defendant was charged in a criminal complaint in the District of New Jersey with transmitting threatening communications in violation of 18 U.S.C. § 875(c). (Mag. No.

---

[1] Local Civil Rule 78.1 is applicable to criminal cases in the District of New Jersey. *See* L. Cr. R. 1.1.

16-5019 (TJB), ECF No. 1.) At the time the criminal complaint was issued, Defendant was not in the United States. On September 28, 2019, Defendant was arrested on the island of Saipan, in the District for the Northern Mariana Islands, pursuant to an arrest warrant issued in October 2016. (*See* Oct. 17, 2019 Order 1, ECF No. 5.) On September 30, 2019, Defendant appeared before the Honorable Ramona V. Manglona, U.S.D.J., in the District Court for the Northern Mariana Islands for an initial appearance. (*See id.* at 1-2.) On October 23, 2019, Defendant appeared before the Honorable Tonianne J. Bongiovanni, U.S.M.J., for his initial appearance in this District. (*See generally* ECF Nos. 7, 20.)

On October 31, 2019, a federal grand jury returned a thirty-three count Indictment charging Defendant with eighteen counts of transmitting threatening communications in interstate or foreign commerce; nine counts of transmitting threatening communications in interstate or foreign commerce with intent to extort; and six counts of conveying false information concerning the use of an explosive device. (ECF No. 12.)

On November 12, 2019, the Court ordered Defendant to file any and all pretrial motions by December 10, 2019. (ECF No. 14.) On November 15, 2019, Defendant was appointed CJA counsel (ECF No. 15), and on November 20, 2019, the Court set jury selection for January 8, 2020 (ECF No. 16). Trial was scheduled to commence immediately following jury selection. (*Id.* ¶ 16.) On December 5, 2019, Defendant moved for an extension of time to file pretrial motions. (ECF No. 17.) The following day, the Court entered a continuance order excluding time under the Speedy Trial Act ("STA") from December 6, 2019 to January 24, 2020. (ECF No. 18.) With Defendant's consent, a second continuance order excluded time from January 24, 2020 to January 31, 2020. (ECF No. 24.) On January 31, 2020, Defendant filed several motions, (ECF Nos. 26, 27, 28), which were granted in part and denied in part on March 3, 2020 (ECF No. 33). On March 3, 2020,

with Defendant's consent, the Court again entered an order excluding time from March 3, 2020 to April 30, 2020. (ECF No. 34.)

On March 17, 2020, Defendant filed a Motion to Dismiss on Speedy Trial Grounds. (ECF No. 35.) Defendant subsequently moved for an extension of time to file a motion to suppress (ECF No. 36), and for additional time to expand arguments in his motion to dismiss (ECF No. 44). On April 29, 2020, the Court granted the two motions for reasons set forth in Defendant's submissions and in light of the COVID-19 pandemic. (ECF No. 45.) The Court also noted that, "in light of the pandemic and defense counsel's representation that '[Defendant] is not amenable to having the argument conducted virtually via video [c]onferenc[·]ing or telephone,' (Catanzaro Decl. 20, ECF No. 44-1), the oral argument scheduled for May 18, 2020 is adjourned without date." (*Id.*) On May 22, 2020, Defendant filed a Motion to Dismiss on Due Process Grounds arguing that the Government's "dilatory conduct in bringing [him] to trial" prejudiced his rights to a fair trial. (ECF No. 46.) On November 30, 2020, the Court denied the Motion to Dismiss on Speedy Trial Grounds, finding "[o]n balance," it was "Defendant's numerous pretrial motions and the ongoing COVID-19 pandemic [that were] the predominant causes for delay in the instant matter, not the Government." *United States v. Hafner*, No. 19-790, 2020 WL 7028552, at *5 (D.N.J. Nov. 30, 2020). In the same opinion, with respect to the Motion to Dismiss on Due Process Grounds, the Court found that Defendant failed to demonstrate prejudice as required to establish a violation of the Fifth Amendment. *Id.* ("Defendant's assertions of memory loss are far too general and conclusory to satisfy the standard required to demonstrate prejudice under the Fifth Amendment.").

During the continuance period that began on March 3, 2020, the District of New Jersey's operations began to be affected by the ongoing COVID-19 pandemic. Due to the pandemic, Chief Judge Freda L. Wolfson entered a standing order on March 16, 2020 governing court operations

3

and excluding time under the STA. (ECF Nos. 37, 38.) The time period between March 16, 2020 and June 1, 2021 is "excluded time" in *all* criminal proceedings in the District of New Jersey pursuant to 18 U.S.C. § 3161(h)(7)(A). (Standing Order 2020-03, ECF No. 38; Standing Order 2020-09, ECF No. 43; Standing Order 2020-12, ECF No. 47; Extension of Standing Order 2020-12, ECF No. 49; Second Extension of Standing Order 2020-12, ECF No. 50; Third Extension of Standing Order 2020-12, ECF No. 53; Fourth Extension of Standing Order 2020-12, ECF No. 55.)

On March 11, 2021, Defendant filed the Motion to Dismiss on Speedy Trial Grounds now before the Court. (ECF No. 54.) In the present Motion, Defendant argues that "more than thirty days expired from indictment to the first continuance order." (Def.'s Moving Br. 8 n.4, ECF No. 54-1.)[2] According to Defendant, time remained tolled only until November 30, 2020, when the Court decided Defendant's previous Motions to Dismiss on Speedy Trial and Due Process Grounds. (*Id.* ("the clock began to run when the court denied [D]efendant's motions on November 30, 2020").) Defendant argues that "[i]n the absence of the Chief Judge's standing orders tolling the speedy trial clock as a result of the pandemic, defendant's speedy trial clock expired no later than February 2021." (*Id.* at 8 (footnote omitted).) Defendant maintains that Chief Judge Wolfson's standing orders could not validly toll time under the STA because it was "not impossible to bring Eric Hafner to trial on or before February 8, 2021." (*Id.* at 10.) Moreover, Defendant argues that, regardless of Defendant's statutory rights under the STA, the Court's failure to convene a jury trial for Defendant on or before February 8, 2021 violated Defendant's Sixth Amendment speedy trial rights. (*Id.* at 18.)

---

[2] The Court agrees with the Government's calculation that approximately thirty-five days ran between Defendant's October 31, 2019 indictment and the December 6, 2019 continuance order. (*See* Gov't's Opp'n Br. 5., ECF No. 59.)

4

## II. LEGAL STANDARD

### A. Sixth Amendment Speedy Trial Rights

The Sixth Amendment guarantees that "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The speedy trial guarantee "is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald*, 456 U.S. 1, 8 (1982).

To determine if a defendant's right to a speedy trial has been violated, courts employ a "balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Relevant factors include the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right [to a speedy trial], and [the presence or absence of] prejudice to the defendant." *Barker*, 407 U.S. at 530-33.

### B. Speedy Trial Act

"To give effect to the Sixth Amendment right to a speedy and public trial, Congress enacted the Speedy Trial Act, which sets 'specified time limits after arraignment or indictment within which criminal trials must be commenced.'" *United States v. Chu*, No. 19-678, 2021 WL 879905, at *2 (D.N.J. Mar. 9, 2021) (quoting *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988)). "[T]he Speedy Trial Act requires that a criminal trial begin within seventy (70) days from the date on which the indictment was filed, or the date on which the defendant makes their initial appearance, whichever occurs last." *Id.* (citing 18 U.S.C. § 3161(c)(1)).

Notwithstanding the foregoing principles, the STA "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006). Excludable periods of time include:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

U.S.C. § 3161(h)(7)(A). "No such period of delay" is excludable for the ends of justice "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* "If a trial does not begin within seventy 'non-excluded' days, the indictment must be dismissed." *Chu*, 2021 WL 879905, at *3 (citing 18 U.S.C. § 3162(a)(2)). When granting a continuation in service of "the ends of justice," Section 3161 instructs the Court to consider, "a non-exhaustive list of factors," including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Id.* (quoting 18 U.S.C. § 3161(h)(7)(b)(i)).

### III. DISCUSSION

#### A. Speedy Trial Act

The Court concurs with other courts throughout the District of New Jersey and finds that Chief Judge Wolfson's standing orders, issued in response to the COVID-19 pandemic, entered onto the docket in this matter, and tolling Defendant's STA time, are "supported by detailed findings, and provide[] a sound factual and legal basis that any delays are supported by the ends of justice, consistent with the Speedy Trial Act and the Sixth Amendment." *United States v. Kaetz*, 2021 WL 37925, at *8 n.8 (D.N.J. Jan. 4, 2021); *Chu*, 2021 WL 879905, at *4. The Chief Judge

6

"conducted the appropriate balancing test as required by the [STA]." *Id.* "The Chief Judge specifically acknowledged the importance of the right to a speedy and public trial and balanced the interests of defendants and the public in that right against the compelling public health and safety issues arising out of the COVID-19 pandemic." *Id.* (internal quotation marks omitted).

In support of his Motion, Defendant appears to argue that "the ends of justice" are only a basis for excluding time under the STA where "conducting jury trials would be impossible." (Def.'s Moving Br. 10-13 (citing *United States v. Olsen*, 467 F. Supp. 3d, 892, 898 (N.D. Cal. 2020)).) In making this argument, Defendant relies heavily on 18 U.S.C. § 3161(h)(7)(B)(i), which was cited by the trial court in *Olsen* and which instructs courts to consider "whether the failure to grant" a continuance would make continuing proceedings impossible. 42 U.S.C. § 3161(h)(7)(B)(i). The Court notes, however, that the district court in *Olsen* was recently reversed by the Ninth Circuit for its misinterpretation of the STA. The Ninth Circuit found that nothing in the STA or the Ninth Circuit's precedents "establishes a rule that an ends of justice continuance requires literal impossibility." *United States v. Olsen*, ---F.3d ----, No. 20-50329, 2021 WL 1589359, at *5 (9th Cir. Apr. 23, 2021). The Court of Appeals held that "a proper reading of 18 U.S.C. § 3161(h)(7)(B)(i) compels the opposite result" because it "directs the district court to consider '*[w]hether the failure to grant*' a continuance would make continuing the proceedings impossible." *Id.* at *6 (emphasis in original). Here, the Court finds that neither the failure to grant, nor the granting of continuances in this matter made future proceedings impossible. Accordingly, this factor is neutral at best in the Court's analysis.

Finally, Defendant argues that the continuances granted in this matter due to COVID-19 create "a miscarriage of justice" and are thus not in service of the ends of justice. (Def.'s Moving Br. 11 (citing 42 U.S.C. § 3161(h)(7)(B)(i) (requiring courts to consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to . . . result in a miscarriage of

7

justice")).) In support of his argument, Defendant notes that he "has been continuously incarcerated since his arrest in September 2019." (*Id.*) Defendant maintains that incarcerated life during the pandemic has been especially "draconian" given the fact that his correctional facility "has returned to keeping inmates in the cages for virtually all day." (*Id.*) Defendant notes that "[t]his all occurs with regard to an individual who is presumed to be innocent and has not yet been tried." (*Id.*) As such, Defendant argues that the "balance[ of] equities with regard to miscarriage of justice . . . resoundingly comes down in favor of Hafner." (*Id.*)

It is true that in *Olsen*, the Ninth Circuit counseled district courts that, in the context of the COVID-19 pandemic, whether and how long a defendant has been detained pending trial are factors to consider when determining whether or not the ends of justice require a continuance. But these are only two among several other factors:

> in the context of the COVID-19 pandemic, we find relevant the following non-exhaustive factors: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.

*Olsen*, 2021 WL 1589359, at *7. Considering all of these factors,[3] and for the reasons detailed in Chief Judge Wolfson's standing orders, the Court finds that the balance of equities and the ends of justice require the Court to maintain the continuance in this matter. Accordingly, the Court finds that Chief Judge Wolfson's standing orders have operated to toll STA time in this matter from March 16, 2020 until June 1, 2021. Because the Court finds that no more than thirty-five

---

[3] The Court notes that Defendant's moving papers do not identify any vulnerabilities making him particularly susceptible to complications if he contracts COVID-19.

8

days have elapsed since the continuances in this matter became effective, Defendant's Motion to Dismiss filed pursuant to the STA must be denied.

### B. Sixth Amendment Speedy Trial Rights

On November 30, 2020, the Court denied Defendant's earlier Motion to Dismiss on Speedy Trial Grounds. The parties agree that two of the four factors required to demonstrate a violation of Defendant's Sixth Amendment speedy trial rights weigh in his favor: length of delay and assertion of speedy trial right. (Gov't's Opp'n Br. 12-13 (quoting *United States v. Battis*, 589 F.3d 673, 678 (3d Cir. 2009) ("We have previously held that a delay of even fourteen months is sufficient to trigger review of the remaining *Barker* factors.")).)

Regarding the second *Barker* factor, the reason for the delay, for the reasons stated in the Court's November 30, 2020 opinion, the Court finds that this factor weighs against Defendant. "On balance, the Court finds that Defendant's numerous pretrial motions and the ongoing COVID-19 pandemic are the predominant causes for delay in the instant matter, not the Government." *Hafner*, 2020 WL 7028552, at *5.

Regarding the fourth *Barker* factor, prejudice to the defendant from the delay, Defendant notes that he "has been continuously incarcerated since his arrest in September 2019." (Def.'s Moving Br. 11.) According to Plaintiff, "when the pandemic resulted in the closure of the courts, the [c]orrectional [f]acilities also closed do[wn] but those closures were far more draconian than anything which was occurring in society." (*Id.*) During his pre-trial incarceration, Defendant asserts that he has been confined to correctional facilities' "cages for virtually all day[,]" and "[o]n most days, he would be permitted out for fifteen minutes to either shower or use the telephone to speak to family." (*Id.*)

Nevertheless, the Court finds that the prejudice factor weighs against Defendant. "Courts generally evaluate three types of prejudice that can result from an improperly delayed trial:

9

oppressive pre-trial incarceration, anxiety and concern, and impairment of the defense." *United States v. Villalobos*, 560 F. App'x 122, 127 (3d Cir. 2014). The Third Circuit has held that "where a defendant is detained for fourteen and a half months pre-trial, 'proof of sub-standard conditions or other oppressive factors beyond those that necessarily attend imprisonment' is necessary in order to establish prejudice due to oppressive pre-trial incarceration." *Id.* (quoting *Hakeem v. Beyer*, 990 F.2d 750, 761 (3d Cir. 1993)). Here, as in *Villalobos*, Defendant "points to no sub-standard conditions of imprisonment that would render it oppressive." *Id.* Additionally, Defendant cannot prevail merely by claiming that eighteen months "of anxiety over the outcome of the trial has prejudiced him to the extent necessary to prevail on a Sixth Amendment claim. Vague allegations of anxiety are insufficient to state a cognizable claim." *Hakeem*, 990 F.2d at 762. "That is particularly so in light of [Defendant's] failure to show that his defense has been impaired in any way." *Kaetz*, 2021 WL 1251711, at *7.

As the District Court in *Kaetz* recently held, "[a]t bottom, the Sixth Amendment's concerns of serious prejudice against a defendant are not implicated by [defendant's] pretrial incarceration." *Id.* After carefully considering the parties' submissions, reviewing the record, and balancing each of the *Barker* factors, the Court finds that Defendant has not suffered a violation of his Sixth Amendment right to a speedy trial.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is denied. The Court will enter an Order consistent with this Memorandum Opinion.

*[signature]*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**