

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Ian D. Brater*  
*R. Joseph Gribko*  
*Assistant United States Attorneys*

*402 East State Street, Room 430*  
*Trenton, New Jersey 08608*

*609-989-2312*

July 9, 2021

ECF

The Honorable Michael A. Shipp
United States District Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:    United States v. Eric G. Hafner
             Crim. No. 19-790 (MAS)

Dear Judge Shipp:

      The United States respectfully submits this letter brief in reply to defendant Eric Hafner's opposition to the government's motions *in limine*. Hafner admits that the government is entitled to introduce much of the evidence the government seeks to admit in its motion. For the reasons set forth below, in addition to the reasons set forth in our initial motion brief, the remainder of the evidence the government seeks to introduce also should be admitted at trial.[1]

Hafner's Juvenile Arrest

      Hafner concedes that the government is entitled to introduce at trial as motive evidence that he was arrested by Officer ▇▇▇▇▇▇ in November 2007; that he was arrested by Officers ▇▇▇▇▇▇ and ▇▇▇▇▇▇ in November 2007; that the case was prosecuted by ▇▇▇▇▇▇▇▇▇▇; and that it was presided over by Judge ▇▇▇▇▇▇. However, Hafner objects to the admissibility of the nature of the offenses charged.

---

[1] The publicly docketed version of this reply includes redactions to the victims' and other witnesses' names to protect their personal privacy. An unredacted version of the government's reply has been supplied to the Court and defense counsel.

The nature of Hafner's juvenile charges are relevant to proving the "objective component" of the § 875(c) charges in Counts One through Eight of the Indictment. *See United States v. Elonis*, 841 F.3d 589, 596 (3d Cir. 2016), *cert. denied*, 138 S. Ct. 67 (2017). The ▓▓▓ victims and ▓▓▓▓▓▓ were keenly aware of the nature of Hafner's juvenile charges at the time Hafner communicated the threats charged in Counts One through Eight of the Indictment, and the jury is entitled to consider the context in which Hafner's threats were made in determining whether a reasonable person would have interpreted the communications as true threats. This evidence should be admitted.

<u>2012 Family Court Case</u>

Hafner also concedes that much of the evidence the government seeks to introduce at trial concerning the 2012 family court case is admissible pursuant to Rule 404(b) as motive evidence. However, Hafner argues that none of the details surrounding his angry outburst in response to Judge ▓▓▓▓▓'s ruling in that case, which led to Hafner's arrest for disorderly conduct, should be admitted because those details are "far afield and offered for propensity purposes." Contrary to Hafner's argument, evidence of Hafner's angry outburst in court is not being offered for propensity purposes, but rather is highly probative of Hafner's motive—demonstrating the depth and extent of Hafner's anger over Judge ▓▓▓▓▓'s ruling. This evidence should be admitted.

<u>Postcards and Letters to ▓▓▓▓▓, ▓▓▓▓▓ and Judge ▓▓▓▓▓</u>

Hafner objects to the admissibility of the postcards and letters he sent to ▓▓▓▓▓, ▓▓▓▓▓ and Judge ▓▓▓▓▓. He claims that these mailings do not qualify as intrinsic evidence because they do not directly prove the charged offense. According to Hafner, the postcards and letters were "non-threatening" and received by the victims "six months earlier," and therefore would not make it more likely that a reasonable person would find the content of the charged material a threat. This argument ignores several important facts. To begin with, the mailings were sent to the victims' places of employment and homes, indicating that Hafner had intimate knowledge of where they lived and worked. Second, the mailings sent to ▓▓▓▓▓ referenced ▓▓▓▓▓'s minor child by name, and Hafner sent a postcard containing a thinly veiled threat to ▓▓▓▓▓'s father. Third, contrary to Hafner's characterization, these postcards and letters were not "non-threatening." Finally, the postcards and letters are admissible pursuant to Rule 404(b) because they are highly relevant and probative of Hafner's identity as the individual who communicated the threats charged in Counts One through Ten of the Indictment. Hafner's fingerprints were found on one of the letters to ▓▓▓▓▓ and in many of the other mailings Hafner expressly mentions the "Hafner family." Moreover, "erichafner.com" is handwritten on the front of the postcard addressed to Judge ▓▓▓▓▓'s residence. In addition, the mailings were postmarked from

locations where Hafner is known to have been at the time the materials were sent. This evidence should be admitted.

Swatting of ▓▓▓▓▓▓ and the ▓▓▓▓ Family

Hafner claims that evidence of the swattings of ▓▓▓▓▓▓ and the ▓▓▓▓ Family is not admissible as intrinsic evidence because they do not directly prove the objective component of 18 U.S.C. 875(c). According to Hafner, the swatting incidents do not make it more likely that a reasonable person would view the communications charged in the Indictment as true threats. That argument is absurd.

The objective component of § 875(c) "requires the jury to consider the context and circumstances in which a communication was made to determine whether a reasonable person would consider the communication to be a serious expression of an intent to inflict bodily injury on an individual." *Elonis*, 841 F.3d at 597. Contrary to Hafner's characterization, the swattings were not incidents in which the police merely "showed up" to the victims' homes. Rather, Hafner's actions set in motion dangerous armed confrontations between the police and Hafner's victims. The jury is entitled to consider all the circumstances surrounding the charged threats, including the swatting incidents, to determine whether a reasonable person in the victims' position would have viewed the charged communications as true threats. This evidence should be admitted.

Text Message Communications Between Hafner and ▓▓▓▓▓▓▓▓

Hafner argues that his text message communications with ▓▓▓▓▓▓ ▓▓▓▓ do not establish Hafner's motive to commit the crimes charged in Counts Thirty-Two and Thirty-Three of the Indictment. Hafner's argument ignores the fact that the communications with ▓▓▓▓ clearly demonstrate Hafner's jealousy of ▓▓▓▓▓▓▓▓'s relationship with ▓▓▓▓. That is classic motive evidence for which Rule 404(b) does not forbid. This evidence should be admitted.

As for Hafner's remaining arguments, the government relies on the arguments set forth in its initial motion brief and arguments to be made at the motion hearing.

                      Respectfully submitted,

                      RACHAEL A. HONIG
                      Acting United States Attorney

                      *s/ Ian D. Brater*

By:    Ian D. Brater
        Assistant United States Attorney

cc:    Mark Catanzaro, Esq.