
**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Ian D. Brater*
*R. Joseph Gribko*
*Assistant United States Attorneys*

*402 East State Street, Room 430*
*Trenton, New Jersey 08608*

*609-989-2312*

August 10, 2021

<u>Via Email to Chambers</u>

The Honorable Michael A. Shipp
United States District Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:   <u>United States v. Eric G. Hafner</u>
           <u>Crim. No. 19-790 (MAS)</u>

Dear Judge Shipp:

     The United States respectfully submits this letter brief pursuant to the Court's direction in response to the issues raised at trial today.

**Hafner's Outburst in Court Outside the Presence of the Jury Does Not Necessitate a Mistrial**

     Courts have frequently considered — and decisively rejected — the argument that a defendant can force a mistrial in a criminal case by the simple expedient of behaving badly before the jury. *See, e.g., United States v. Awala*, 260 F. App'x 469 (3d Cir. 2008) (unpublished) (Defendant, who was convicted for illegal re-entry following deportation, was not entitled to mistrial following his disruptive outburst, in light of trial judge concluding that defendant's behavior was more likely than not calculated to cause a mistrial and giving of an appropriate curative instruction); *United States v. Padilla-Galarza*, 990 F.3d 60, 81 (1st Cir. 2021); *United States v. Rodríguez-Vélez*, 597 F.3d 32, 43 (1st Cir. 2010); *United States v. Stewart*, 256 F.3d 231, 242 (4th Cir. 2001). ("we hold that the district court acted within its discretion by denying Livingston's motion for a mistrial based upon Livingston's own misconduct."); *United States v. Dockins*, 986 F.2d 888, 893 (5th Cir.1993) (holding that a defendant was not entitled to a mistrial when the motion was based upon his own misconduct and the district court concluded that the defendant had been trying to provoke a mistrial); *United States v. Harris*, 2 F.3d 1452, 1456 (7th Cir. 1993) (holding

that the defendant was not entitled to a mistrial as the result of his own outburst during trial because to grant the mistrial would allow the defendant to profit from his own wrong); *United States v. McCormac*, 309 F.3d 623, 626 (9th Cir. 2002). To rule otherwise would create a "perverse incentive[ ]" for a defendant to throw any semblance of decorum to the winds. *Padilla-Galarza*, 990 F.3d at 81 (quoting *Rodríguez-Vélez*, 597 F.3d at 43).

Of course, abuse-of-discretion review does not denote that a district court is free to turn a blind eye and a deaf ear to the effect of a defendant's antics. In the wake of such an outburst, a trial court is obliged to take reasonable steps to mitigate "any untoward effects that the outburst might have on the jury. *Padilla-Galarza*, 990 F.3d at 81.

Here the Court did so, by conducting individual *voir dire* of each of the Jurors, each of whom asserted either that they heard nothing at all, or at most that they heard "raised voices" or "shouting" but could not identify the speakers or the words. Accordingly, defendant's outburst in court, outside of the presence of the jury, does not warrant a mistrial based on any potential impact on the jury.

**Defense Request for Mistrial/Competency Hearing**

Defense counsel has made a request for a mistrial and for the defendant to be evaluated for competency at FMC Butner or FMC Devens. The government does not oppose defense counsel's request for declaration of a mistrial or his request for a competency evaluation.

Pursuant to 18 U.S.C. § 4241(a), a criminal defendant shall be subjected to a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).  Where such "reasonable cause" exists, even if neither the defendant nor the Government moves for such a hearing, the court shall conduct such a hearing on its own motion. *Id.*; *see also United States v. Jones*, 336 F.3d 245, 256 (2003); *United States v. Leggett*, 162 F.3d 237, 241 (3d Cir.1998); *United States v. Renfroe*, 825 F.2d 763, 766 (3d Cir.1987) (holding that the court must have "reasonable doubt" as to competency to order a hearing). Our criminal justice system has long recognized that "'a person whose mental condition is such that [the person] lacks the capacity to understand the nature and the object of the proceedings[,] … to consult with counsel, and to assist in preparing [a] defense may not be subjected to a trial.'" *Jones*, 336 F.3d at 256 (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). The conviction of a legally incompetent person violates

due process. *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *Jones*, 336 F.3d at 256; *Leggett*, 162 F.3d at 241.

When evaluating a defendant's competency, a district court must consider a number of factors, including "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Jones*, 336 F.3d at 256 (quoting *Drope*, 420 U.S. at 180); *Leggett*, 162 F.3d at 242. Other factors that are relevant to the determination "may include an attorney's representation about his client's competency." *Jones*, 336 F.3d at 256; *Renfroe*, 825 F.2d at 767. There are, however, "no fixed or immutable signs which invariably indicate the need for [a competency hearing]," but "even one of these factors standing alone may, in some circumstances, be sufficient." *Drope*, 420 U.S. at 180; *Jones*, 336 F.3d at 256; *Leggett*, 162 F.3d at 242. "The question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Jones*, 336 F.3d at 256 (quoting *Drope*, 420 U.S. at 180).

Ultimately, the Court's analysis of whether reasonable cause exists is informed by the two-pronged test for legal competence articulated in *Drope* and *Leggett*. *Jones*, 336 F.3d at 256. A court must examine the unique circumstances of the case and decide whether there is reasonable cause to question whether the defendant "(1) has the capacity to assist in her or his own defense and (2) comprehends the nature and possible consequences of a trial. If either prong is not met, a court has reasonable cause to order a competency hearing." *Jones*, 336 F.3d at 256-57; *Leggett*, 162 F.3d at 242; *see also Renfroe*, 825 F.2d at 767 (noting that this is a fact-intensive inquiry that depends on the unique circumstances of the case).

In this case, without the benefit of being present in the courtroom during the exchange at issue, the government defers to defense counsel's and the Court's assessment as to the need for a competency evaluation of the defendant. While the government questions whether Hafner ultimately will be found incompetent to stand trial, we do not oppose a determination that reasonable cause for an evaluation is present here. The government also does not oppose defense counsel's request for a mistrial.

                                      Respectfully submitted,

                                      RACHAEL A. HONIG
                                      Acting United States Attorney

                                      *s/ Ian D. Brater*

                          By:   Ian D. Brater
                                R. Joseph Gribko
cc:   Mark Catanzaro, Esq.        Assistant United States Attorneys