LAW OFFICES
# MARK W. CATANZARO
21 GRANT STREET
MOUNT HOLLY, NEW JERSEY 08060
TELEPHONE (609) 261-3400
FACSIMILE (856) 235-4332
Mark@Catanzarolaw.com

**MARK W. CATANZARO**
MEMBER NEW JERSEY &
PENNSYLVANIA BARS

143 WHITE HORSE AVENUE
TRENTON, NEW JERSEY 08610

August 10, 2021

**VIA EMAIL ONLY**

Honorable Michael A. Shipp, U.S.D.J.
Clarkson S. Fischer Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

   RE: United States v. Eric Hafner
     <u>Criminal No. 19-790(MAS)</u>

Dear Sir:

  Please accept this letter in lieu of a formal memorandum concerning the path moving forward with regard to Mr. Hafner's trial. For the reasons that follow, I request that the court declare a mistrial and order Mr. Hafner to be evaluated at FMC Butner or FMC Devens.

  I need not review the events of August 10, 2021 as the court was present for the entire colloquy. I will briefly note the manner in which that colloquy came about. Mr. Hafner requested to represent himself after watching jury selection and the opening statements. The court directed the government from the courtroom to inquire into Mr. Hafner's request and motivation for same. What followed is something I have never seen in a courtroom in the

Honorable Michael A. Shipp, U.S.D.J.
August 10, 2021
Page 2

thirty five (35) years I have been practicing law. The eruption from Mr. Hafner and the content of the statements convinced me that an evaluation is necessary to ascertain whether he is competent to proceed with or without counsel. I can represent to the court that I have never witnessed anything like this in my interaction with him[1].

A defendant or the government may file a motion to determine the mental competence of a defendant, or the court on its own motion may order such a hearing if there is reasonable cause to believ that the defendant is mentally incompetent to understand the nature and consequences of the proceedings against him. 18 U.S.C. § 4241(a); Pate v. Robinson, 383 U.S. 375 (1966). Due process requires a trial court to hold a competency hearing sua sponte whenever the evidence before it raises a reasonable doubt whether a defendant is mentally competent. *United States v. Mendez-Sanchez, 563 F.3d 935, 947 (9th Cir), cert. denied, 130 S.Ct. 252 (2009).* Where there is reasonable cause to believe that the defendant is incompetent, a finding that the defendant is competent is a constitutional prerequisite to trial. Drope v. Missouri, 420 U.S. 162, 171, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975); United States v. White, 670 F.3d 1077, 1081-82 (9th Cir. 2012). There is no doubt that the court harbors the same concerns as to competency

---

[1] I recall Mr. Hafner getting angry during a telephone conference with counsel and the court. It was nothing like what occurred on August 10.

Honorable Michael A. Shipp, U.S.D.J.
August 10, 2021
Page 3

as does counsel.

The next question to be asked is what the evaluation will entail. Theoretically the court could order an evaluation and the parties could seek to have their own evaluations done. There is no question locating the experts, getting them into the jail and completing evaluations will take some time to get done. You also have to consider the logistics of entering the jail in the first place. While one would hope any doctor retained would be vaccinated, that is a requirement to any in person jail visit. Finally, it is the dead of summer. More importantly, any evaluation by nature would be cursory at best and only give the court a glimpse into the defendant's mind. Furthermore, there would have to be a hearing where defendant, with or without counsel, could cross examine any witness. I say with or without counsel because Mr. Hafner has asked to proceed pro se. If he is competent to stand trial, his ability to represent himself becomes more difficult for the court to deny. It is virtually impossible to conceive of a situation where the court could accomplish everything and save this jury. How long are we going to hold them. What if the evaluation concludes Mr. Hafner is incompetent? Does the court then discharge the jury?

Defendant submits *United States v. Rauser,* 378 Fed. Appx. 229 (3rd Cir 2010) is instructive. Mr. Rauser requested to represent himself. The court conducted an inquiry and allowed him to do so after conducting the required colloquy this court is quite familiar

Honorable Michael A. Shipp, U.S.D.J.
August 10, 2021
Page 4

with. Subsequently Mr. Rauser's stand-by counsel filed a motion for defendant to independently examined and transferred to an appropriate medical facility for the administration of necessary medical care. The court held a hearing and ordered Mr. Rauser to FMC Butner for an evaluation. After a two and one half evaluation period, Butner found Mr. Rauser to be competent. Upon his return, the court allowed Mr. Rauser to represent himself. After the jury verdict, Rauser requested another competency evaluation. The court reviewed its own prior findings and found Rauser competent to stand trial and competent to represent himself. I affirming, the court noted several things. It stated:

> A District Court's factual findings regarding competency are reviewed for clear error. United States v. Leggett, 162 F.3d 237, 241 (3d Cir. 1998). Further, "the trial judge, particularly one such as the trial judge in this case, who presided over one of [the defendant's] competency hearings and his . . . trial[], will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individual circumstances of a particular defendant." Indiana v. Edwards, 554 U.S. 164, 128 S. Ct. 2379, 2387, 171 L. Ed. 2d 345 (2008) (holding that under a heightened standard, states were permitted to appoint counsel to represent severely mentally ill criminal defendants who do not possess the mental wherewithal to self-representation, yet are competent to stand trial). The Sixth Amendment protects a defendant's right to counsel, as well as his right to refuse counsel and represent himself. Faretta v. California, 422 U.S. 806, 814, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). Accordingly, a defendant who knowingly, voluntarily, and intelligently waives the right to counsel generally must be permitted to defend himself at trial. Id. at 835. In making that

> determination, the District Court should establish that the defendant: (1) has "clearly and unequivocally" asserted his desire to represent himself; (2) "understands the nature of the charges, the range of possible punishments, potential defenses, technical problems that [he] may encounter, and any other facts important to a general understanding of the risks involved"; and (3) is competent to stand trial. United States v. Peppers, 302 F.3d 120, 132, 134 (3d Cir. 2002).

*United States v. Rauser*, 378 F. App'x 229, 231 (3d Cir. 2010) In the matter before your honor, in order to fulfil the court's obligations and preserve the defendant's constitutional rights, an evaluation is required.

Rauser is also instructive because it notes the words alone are not dispositive of any decision making. The trial court, "will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individual circumstances of a particular defendant". At the conclusion of the hearing, you Honor stated:

> THE COURT: I think we have to address that. I think we have to address that. I mean, **based upon his conduct** in this courtroom today, it just appears there is a real bona fide issue as to competency. (emphasis added)

45T9-12.

There is no reason for the court to alter the conclusion it reached at the time of the event.

A lengthier evaluation performed by professionals at one the designated medical facilities would provide an accurate assessment and allow the court to conduct an intelligent hearing. A hearing

Honorable Michael A. Shipp, U.S.D.J.
August 10, 2021
Page 6

not pressed for time and one where all the issues could be vetted.

There is no downside to proceeding in the fashion defendant requests. *18 U.S.C. § 3161(h)(1)(A)* provides:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence;
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to -
>
>> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant.

It is clear that the Speedy Trial Act time will not run from the entry of the order for evaluation and the court's adjudication with regard to competency.

Defendant submits that a mistrial will be necessary no matter how the court proceeds. Defendant submits that a more thorough and professional evaluation will assure the court that the manner it ultimately chooses to proceed is adequately supported in the record. If the court directs trial to proceed and denies Mr. Hafner his constitutional right to represent himself without creating an adequate record concerning his competency or lack thereof, any verdict returned will be in serious jeopardy.

Honorable Michael A. Shipp, U.S.D.J.
August 10, 2021
Page 7

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the court declare a mistrial and send the defendant to FMC Butner or FMC Devens for a competency evaluation pursuant to 18 U.S.C. § 4241.

Respectfully,

/s/ Mark W. Catanzaro

Mark W Catanzaro

MWC/smk

cc: Ian D. Brater, Assistant U.S. Attorney (via email)
    R. Joseph Gribko, Assistant U.S. Attorney (via email)
    Mr. Eric Hafner