UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

ERIC G. HAFNER

Criminal No. 19-790 (MAS)

MEMORANDUM ORDER

This matter comes before the Court on CJA counsel Timothy R. Anderson's ("Mr. Anderson") Request to Withdraw and for the Appointment of New Counsel (ECF No. 133) and correspondence dated August 22, 2022 ("correspondence") from Defendant Eric G. Hafner ("Defendant"), requesting the Court appoint a substitute attorney.[1] The Court denies both requests and sets forth a briefing schedule for Defendant's request to withdraw his guilty plea.

Starting with Defendant's Correspondence, this Court appointed Mr. Anderson on August 16, 2022. In the Correspondence, Defendant requested that this Court appoint new counsel from outside of the Monmouth County area. To start, a defendant is not entitled to choose his own appointed counsel. *See United States v. Senke*, 986 F.3d 300, 314 (3d Cir. 2021) (recognizing that while a defendant has the right to counsel, "the right to choose one's own counsel does not extend to defendants who require appointed counsel"); *United States v. Lacerda*, 929 F. Supp. 2d 349, 354 (D.N.J. 2013) (explaining that "[t]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will

---

[1] Defendant's correspondence is not publicly docketed as it contains information covered by the attorney-client privilege.

inexorably be represented by the lawyer whom he prefers") (internal citation and quotation omitted).

In Defendant's correspondence, Defendant proclaimed his appointed counsel to be "generally a horrible person" who "lack[ed] sufficient federal criminal law experience," and Defendant requested "a new lawyer from another area" outside Monmouth County. Courts have granted requests for new appointed counsel in circumscribed instances, such as where the attorney involved has a conflict of interest, there is a complete breakdown of communication, or the defendant is so "embroiled in irreconcilable conflict" with the attorney representing him that the defendant has been entirely deprived of the effective assistance of counsel. *Senke,* 986 F.3d at 314 (internal citation omitted); *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995). Here, nothing in the record suggests that Mr. Anderson's actions have fallen or will fall "below an objective standard of reasonableness." *See McAdams v. United States*, No. 09-737-001 (JBS), 2016 WL 240877, at *7 (D.N.J. Jan. 20, 2016). The Court rejects Defendant's attempted characterizations of Mr. Anderson. Moreover, the other concerns raised by Defendant, such as Mr. Anderson's practice being located in Monmouth County, are inapposite when considering whether to appoint new counsel. Here, the Court has no reason to believe that Mr. Anderson—a federal criminal defense lawyer with his own practice and a member of the CJA Panel of New Jersey—lacks sufficient experience to effectively advocate for Defendant. Defendant's request is, therefore, denied.

As to Mr. Anderson's request, appointed counsel is not entitled to withdraw from representation under these circumstances. The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, requires each district court to have a plan for furnishing representation to any eligible defendant. *See* 18 U.S.C. § 3006A(j). The District Court of New Jersey has accordingly established such a

plan. *See* United States District Court District of New Jersey Criminal Justice Act Plan (Effective 2020) [the "CJA Plan"].[2] Section XI(D) of the CJA Plan provides:

> Once counsel is appointed under the CJA, counsel will continue the representation until the matter, including appeals (unless provided otherwise by the Third Circuit's CJA Plan) or review by certiorari, is closed; or until substitute counsel has filed a notice of appearance; or until an order is entered allowing or requiring the person represented to proceed pro se; or until the appointment is terminated by court order.

Appointed counsel has not demonstrated good cause for his withdrawal.

For these reasons, and other good cause shown:

**IT IS**, on this 25th day of August 2022, **ORDERED** as follows:

1. Defendant's Request for the Appointment of Substitute Counsel is **DENIED**.

2. Mr. Anderson's Request to Withdraw and for the Appointment of New Counsel (ECF No. 133) is **DENIED**.

3. Pursuant to Defendant's request to withdraw his guilty plea (ECF. No. 122), the following shall be the schedule for briefing in this matter:

    a. Defendant shall file a moving brief on or before **September 21, 2022.**

    b. The Government shall file a response to Defendant's brief on or before **October 5, 2022**.

    c. Defendant, if he wishes to file a reply, shall file any such reply on or before **October 12, 2022**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] Available at https://www.njd.uscourts.gov/sites/njd/files/DNJCJAPlan.pdf.