UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | HON. MICHAEL A. SHIPP |
| | : | |
| v. | : | Crim. No. 19-790 |
| | : | |
| ERIC HAFNER | : | |

**MOTION TO DECLARE LIMITED WAIVER OF
ATTORNEY-CLIENT PRIVILEGE**

COMES NOW, the United States of America, through the United States Attorney for the District of New Jersey, Philip R. Sellinger (by Ian D. Brater and R. Joseph Gribko, Assistant United States Attorneys), and moves this Court to declare defendant Eric Hafner's privilege to confidentiality of communications between him and his counsel, Mark Catanzaro, Esq., waived with respect to claims that counsel provided constitutionally ineffective assistance of counsel during plea negotiations.

**Facts and Procedural History**

Beginning in December 2015, defendant Eric Hafner, a New Jersey native, embarked on a campaign of harassment and threats aimed at terrorizing numerous individuals and, in some cases, their family members, as retribution for what Hafner perceived as injustices that had been inflicted upon him by these individuals in their capacity as law enforcement officers, attorneys, judges, and elected officials. On October 31, 2019, a federal grand jury returned a thirty-three count Indictment charging Hafner with eighteen counts of transmitting threatening communications

1

in interstate or foreign commerce, in violation of 18 U.S.C. § 875(c); nine counts of transmitting threatening communications in interstate or foreign commerce with intent to extort, in violation of 18 U.S.C. § 875(b); and six counts of conveying false information concerning the use of an explosive device, in Title 18 U.S.C. § 844(e).

On August 9, 2021 a jury trial began. However, based on Hafner's disruptive conduct during the trial, the Court declared a mistrial and ordered Hafner to undergo a psychiatric examination, under 18 U.S.C. § 4241(b), to assess whether he was competent to stand trial. [ECF 88].

After the Court found Hafner competent to stand trial, a second trial in this matter was scheduled to begin on May 17, 2022. After the jury was empaneled, but before opening statements, Hafner agreed to plead guilty to three of the thirty-three counts in the indictment. [ECF 115].

Hafner now asserts that he "pleaded guilty not because he is guilty, but because he was unable to represent himself and thus was unable to present the defenses he strongly believed would prove his innocence, as well as because his former counsel, during their brief discussion about the ramifications of the plea offer, led him to understand he would be able to litigate and appeal adverse pretrial motions after pleading guilty under the terms of the plea agreement that preserved his right to appeal." [ECF 139, p. 10]. Hafner claims that he should be permitted to withdraw his guilty plea because of "the incomplete and equivocal advice Mr. Hafner's former counsel provided regarding what issues may or may not be appealed under the terms of the plea agreement." [ECF 139, p. 10].

**Law and Argument**

By this motion, the government seeks an order declaring a limited waiver of Hafner's attorney-client privilege to determine whether counsel's assistance was constitutionally deficient, and to afford the government the ability to file an appropriate response to Hafner's motion to withdraw his guilty plea. The Third Circuit has held that the "attorney-client privilege is waived for any relevant communication if the client asserts as a material issue in a proceeding that the client acted upon the advice of a lawyer or that advice was otherwise relevant to the legal significance of the client's conduct." *Livingstone v. North Belle Vernon Burrough*, 91 F.3d 515, 537 (3d Cir. 1996). Further, a party may waive attorney-based privileges by asserting "claims . . . that put his or her attorney's advice at issue in the litigation." *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 212 (3d Cir. 1999); *see also, e.g.*, *Amato v. United States*, Crim. No. 19-19449 (MAS), Dkt. 12, at 3-5 (D.N.J. Jan. 12, 2021) (Shipp, J.) (finding limited waiver of attorney-client privilege in collateral proceeding challenging counsel's effectiveness); *Lewis v. Ortiz*, Crim. No. 05-5832 FLW, 2007 WL 1467162, at *17 n.6 (D.N.J. May 11, 2007) (Wolfson, J.) ("Petitioner, having placed at issue conversations he had with counsel regarding plea negotiations, and whether counsel informed him of his eligibility for an extended sentence and what that extended sentence might be, has waived his attorney-client privilege as to relevant discussions with counsel."); *United States v. McQuilken*, Nos. 94–356–01, 97–6425, 2000 WL 1222151, *3 (E.D. Pa. Aug. 24, 2000) ("By alleging . . . that he had received ineffective assistance of counsel from Ziccardi, McQuilken waived the attorney-client privilege with regard to the subject

matter of the alleged ineffectiveness, namely the decision to go to trial rather than accept the Government's plea agreement.")

Here, Hafner has put his attorney's advice squarely at issue by claiming that counsel was deficient in respect of advice that he allegedly gave (or failed to give) about his ability to litigate and appeal adverse pretrial motions after pleading guilty under the terms of the plea agreement that preserved his right to appeal. Hafner thus has put his attorney's advice on the claim above squarely in issue; the government now seeks the opportunity to examine that advice, so that it can determine the factual and legal merit of Hafner's assertions in his motion to withdraw.

Accordingly, in order effectively to respond to Hafner's motion, as well as to provide the Court with adequate information such that it may have a sufficient factual foundation for its ruling, the government respectfully moves the Court to declare Hafner's privilege to confidentiality of attorney-client communications waived regarding the issues identified above. If the Court grants this motion, the government may seek to interview Mr. Catanzaro, obtain and review records and documents in counsel's files that relate to the issues raised by Hafner's motion, and, if appropriate, confer with Mr. Catanzaro and prepare a written declaration or affidavit to be executed by Mr. Catanzaro in connection with the government's response to Hafner's motion.

Additionally, in light of the anticipated need to confer with Mr. Catanzaro, the government also respectfully requests that the Court hold the government's

4

deadline to respond to Hafner's motion in abeyance pending Hafner's response (if any) to this motion and the Court's resolution of it.

    Two proposed orders accompany this motion.

Respectfully submitted,

PHILIP SELLENGER
United States Attorney

*s/ R. Joseph Gribko*

By:    Ian Brater
        R. Joseph Gribko
        Assistant United States Attorneys

October 3, 2022
Trenton, New Jersey

5