UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon.  Michael A. Shipp |
| | : | |
| v. | : | Crim. No. 19-790 (MAS) |
| | : | |
| ERIC G. HAFNER | : | |
| | : | |

---

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

---

Philip R. Sellinger
United States Attorney
Federal Building & U.S. Courthouse
402 East State Street, Room 430
Trenton, NJ 08608
(609) 989-2190

On the Brief:

Ian D. Brater
R. Joseph Gribko
Assistant U.S. Attorneys

TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .................................. 1

   I.   The Indictment .......................................................................................... 1

   II.  The August 2021 Trial ............................................................................. 2

   III. The Competency Hearing......................................................................... 3

   IV. The May 2021 Trial ................................................................................. 3

ARGUMENT ....................................................................................................... 6

   I.   HAFNER IS NOT ENTITLED TO WITHDRAW HIS GUILTY PLEA. ............. 6

     A.  Hafner Has Failed To Credibly Assert His Innocence. ........................... 7

     B.  Hafner Has Failed To Provide Strong Reasons For Withdrawing His
         Guilty Plea................................................................................... 11

     C.  The Government Would Be Prejudiced By The Withdrawal Of Hafner's
         Guilty Plea................................................................................... 16

CONCLUSION .................................................................................................. 18

i

**TABLE OF AUTHORITIES**

**Page(s)**

## Cases

*Blackledge v. Allison*, 431 U.S. 63 (1977) ........................................................ 8
*Gomez v. Berge*, 434 F.3d 940 (7th Cir. 2006) ............................................... 13
*Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ................................................. 11, 14
*Indiana v. Edwards*, 554 U.S. 164 (2008) ....................................................... 13
*RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325 (2016) ..................................... 9
*United States v. Akande*, 956 F.3d 257 (4th Cir. 2020) .................................. 14
*United States v. Brown*, 250 F.2d 811 (3d Cir. 2001) ...................................... 6
*United States v. Crowley*, 529 F.2d 1066 (3d Cir. 1976) ............................... 16
*United States v. Dewberry*, 936 F.3d 803 (8th Cir 2019) ............................... 13
*United States v. Elbaz*, 39 F.4th 214 (4th Cir. 2022) ....................................... 9
*United States v. Garba*, 128 Fed. App'x. 855 (3d Cir. 2005) ........................ 13
*United States v. Hamilton*, 510 F.3d 1209 (10th Cir. 2007) ............................. 8
*United States v. Hernandez*, 203 F.3d 614 (9th Cir. 2000) ............................ 13
*United States v. James*, 928 F.3d 247 (3d Cir. 2019) .............................. passim
*United States v. Jones*, 336 F.3d 245 (3d Cir. 2003) ........................ 6, 7, 16, 17
*United States v. Montgomery*, 529 F.2d 1404 (10th Cir. 1976) ....................... 13
*United States v. Moussaoui*, 591 F.3d 263 (4th Cir. 2010) ............................. 13
*United States v. Porter*, 933 F.3d 226 (3d Cir. 2019) ..................................... 13
*United States v. Trott*, 604 F. Supp. 1045 (D. Del. 1985) ............................... 16
*Washington v. Sobina*, 475 F.3d 162 (3d Cir. 2007) ....................................... 13
*WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129 (2018) ................ 9

## Statutes

18 U.S.C. § 844(e) ............................................................................................. 8
18 U.S.C. § 875(b) ............................................................................................. 8
18 U.S.C. § 875(c) ............................................................................................. 8

## Rules

Fed. R. Crim. P. 11(d)(2)(B) .............................................................................. 6

## PRELIMINARY STATEMENT

The United States respectfully submits this memorandum in opposition to defendant Eric Hafner's motion to withdraw his guilty plea.  Hafner contends that he should be permitted to withdraw the guilty plea he entered on the first day of the second scheduled trial in this case.  Hafner asserts that he is innocent of the crimes to which he pleaded guilty and argues that his guilty plea was the product of his prior attorney's incomplete and equivocal advice regarding the effect of his guilty plea on his ability to appeal the Court's adverse rulings on pretrial motions.  Hafner also argues that the government would not be prejudiced by the withdrawal of his guilty plea.   Hafner, however, has failed to meet his heavy burden of demonstrating a fair and just reason for the withdrawal of his guilty plea.  He has neither credibly asserted his innocence to the charges, nor adequately demonstrated that his prior attorney's conduct caused him to forego a jury trial and admit guilt.  Moreover, contrary to Hafner's assertion, the government would indeed be prejudiced by the withdrawal of Hafner's guilty plea.  Therefore, the defendant's motion to withdraw his guilty plea should be denied.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

## I.   The Indictment

On October 31, 2019, a federal grand jury returned a thirty-three count Indictment charging Hafner with eighteen counts of transmitting threatening communications in interstate or foreign commerce, in violation of Title 18, United States Code, Section 875(c); nine counts of transmitting threatening

communications in interstate or foreign commerce with intent to extort, in violation of Title 18, United States Code, Section 875(b); and six counts of conveying false information concerning the use of an explosive device, in violation of Title 18, United States Code, Section 844(e).  See ECF No. 12 (Indictment, dated October 31, 2019).

## II.    **The August 2021 Trial**

On August 9, 2021, the first jury trial in this matter commenced. Following jury selection, the parties delivered their opening statements. *See, generally*, ECF No. 90 (Transcript of Jury Trial held on August 9, 2021). The next day, prior to any testimony, Hafner requested to relieve his appointed counsel and proceed *pro se.  See* ECF No. 91 (Transcript of Jury Trial held on August 10, 2021, page 34, line 4 through page 35, line 10).  At the start of the subsequent *Faretta*[1] hearing, Hafner launched into a loud and lengthy tirade, accusing the Court and the government of fraud and bias, and ultimately had to be escorted out of the courtroom by the United States Marshals Service. *See id.* (page 35, line 11 through page 45, line 24).  Thereafter, prior counsel moved for a competency evaluation of Hafner.  *See* ECF No. 86.  On August 11, 2021, the Court declared a mistrial and ordered that Hafner undergo a psychiatric evaluation, pursuant to 18 U.S.C. § 4241(b), to assess his competency to stand trial.  *See* ECF No. 88.

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

### III.    The Competency Hearing

Following two Court-ordered competency evaluations by two different mental health professionals, both of whom opined that Hafner was malingering and exaggerating severe mental illness, the Court convened a competency hearing on April 8, 2022, during which the Court heard the testimony of a mental health professional who conducted one of the Court-ordered competency evaluations of the defendant.  *See* ECF No. 107.  On May 6, 2022, based on the evidence adduced during the competency hearing, the Court entered an order finding Hafner competent to stand trial.

### IV.    The May 2021 Trial

The second jury trial in this matter commenced on May 17, 2022.  Prior to jury selection, the Court conducted a *Faretta* hearing to determine whether Hafner would be permitted to proceed *pro se* at trial.  Based on Hafner's conduct in previous court proceedings, the psychological evaluations by the court-appointed mental health professionals, and the Court's own observations of Hafner over the course of this case, the Court found that Hafner had effectively waived his right to represent himself at trial.  As a result, the Court ordered that appointed counsel would continue to represent Hafner at trial. *See* ECF No. 137 (Transcript of *Faretta* hearing held on May 17, 2022, page 10, line 10 through page 15, line 17).  Thereafter, the Court commenced jury *voir dire*, and a jury was selected and sworn.

Meanwhile, throughout the day's proceedings, the defendant and the government engaged in plea discussions.  The product of the parties' plea

3

negotiations was eventually memorialized in a written plea agreement, which was presented to Hafner and his attorney.  During a break in Court proceedings, Hafner and his attorney reviewed, discussed, and signed the written plea agreement, in which he agreed to plead guilty to Counts 4 (transmitting threatening communications in interstate or foreign commerce), 17 (transmitting threatening communications in interstate or foreign commerce with intent to extort), and 28 (conveying false information concerning the use of an explosive device) of the Indictment.  Hafner and his attorney also reviewed, discussed, and signed an Application for Permission to Enter Plea of Guilty (the "Rule 11 Application").  At approximately 3:55 p.m., after a nearly two-hour break in proceedings following the conclusion of jury selection, the Court convened a change-of-plea hearing.  *See* ECF Nos. 113 (Minute Entry of proceedings held on May 17, 2022) and 126 (Transcript of plea hearing held on May 17, 2022).

At the plea hearing the Court engaged counsel and the defendant in a colloquy regarding Hafner's decision to enter a plea of guilty.  During the colloquy, Hafner confirmed that he had a "college" education; that he could read, write, and understand English; that he had fully discussed the charges and the case with his attorney; that he and his attorney had discussed and completed all the questions on the Rule 11 Application; and that he was satisfied with counsel's representation and advice.  *See* ECF No. 126 (page 3, line 4 through page 4, line 14; page 6, lines 18 through 20; page 9, lines 6 through 17).

4

Hafner also confirmed that no one had made any promises or threats to prompt him to change his plea, and that he was pleading guilty of his own free will because he was, in fact, guilty. *Id.* (page 4, lines 12 through 13; page 7, lines 20 through 25). The Court explained Hafner's right to a trial and the rights he would have if he proceeded to trial. At each step, Hafner said that he understood. *Id.* (page 4, line 15 through page 6, line 10). During a lengthy factual basis colloquy, Hafner not only admitted his guilt on Counts 4, 17, and 28 of the Indictment, but also admitted that he had engaged in all the criminal activity detailed in the other thirty counts of the Indictment. *Id.* (page 9, line 18 through page 23, line 7). The Court then accepted the defendant's guilty plea to Counts 4, 17, and 28, expressly finding that Hafner was "fully competent and capable of entering an informed plea," was "aware of the nature of the charges and the consequences of the plea," and that his guilty plea was "knowing and voluntary [and] supported by an independent basis in fact[.]" *Id.* (page 23, line 17 through page 24, line 3). Thereafter, the case was set for sentencing and the jury was discharged.

## ARGUMENT

## I.   HAFNER IS NOT ENTITLED TO WITHDRAW HIS GUILTY PLEA.

Hafner argues that he should be permitted to withdraw his guilty plea, claiming that (1) he is innocent of the charges, (2) his decision to enter the guilty plea was influenced by incomplete and equivocal advice from his attorney, and (3) the government would not be prejudiced by the withdrawal of his guilty plea.  Hafner has neither credibly asserted his innocence, nor adequately demonstrated that his prior attorney's conduct caused him to forego a jury trial and admit guilt.  Furthermore, the withdrawal of Hafner's guilty plea would cause substantial prejudice to the government.  Because Hafner has failed to meet his heavy burden of demonstrating a fair and just reason for the withdrawal of his guilty plea, the Court should deny his motion.

"Once accepted, a guilty plea may not automatically be withdrawn at a defendant's whim." *United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019) (quoting *United States v. Brown*, 250 F.2d 811, 815 (3d Cir. 2001)).  Rather, a defendant may not withdraw a guilty plea before sentencing unless he "can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  In assessing whether a defendant has made such a showing, a court must consider three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).  The defendant bears a "substantial" burden of demonstrating each of those factors. *James*, 928

F.3d at 253 (quoting *Jones*, 336 F.3d at 252).  "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty."  *Jones*, 336 F.3d at 252.

### A. Hafner Has Failed To Credibly Assert His Innocence.

Under the first factor, the relevant inquiry is whether the defendant has credibly asserted his innocence.  *Jones*, 336 F.3d at 252-53; *see also James*, 928 F.3d at 255 (holding that where a defendant asserts legal innocence in support of a motion to withdraw his guilty plea, the defendant "must present a *credible* claim of legal innocence.").  "Bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea."  *Jones*, 336 F.3d at 252.  Instead, a defendant's assertion of innocence "must be buttressed by facts in the record that support a claimed defense."  *Id.*

Hafner has asserted his innocence here, but his assertions are far from credible.  In fact, they are frivolous.  First, Hafner claims that he was the victim of a crime perpetrated by an unknown and unnamed individual or group, who "had to have hacked into [his] devices and perpetrated the alleged crimes" by using "deepfake voice technology" to make it appear that he had made the threatening communications charged in the Indictment.  *See* Hafner Certification at ¶ 3.  Hafner further claims that this unknown and unnamed individual or group did this "because they wanted to discredit [his] viable runs for the United States Congress."  *Id.*

7

These claims are nothing more than unsupported, uncorroborated, self-serving, bald assertions, and they fail to satisfy the defendant's heavy burden of establishing fair and just reasons for the withdraw of his guilty plea. Beyond that, it must be remembered that Hafner admitted to the underlying facts of the offenses during the May 17, 2022 plea hearing and made no mention of "hacked devices" or "deepfake voice technology" then. Hafner's factual admissions at the plea hearing, which the Court found knowing, intelligent, and voluntary, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Thus, given Hafner's earlier admissions, including that *he* was the individual who transmitted the threatening communications charged in the Indictment, the Court should reject Hafner's late and unsupported assertion of factual innocence as a basis for withdrawing his guilty plea.

Hafner also asserts a claim of legal innocence. Invoking the "presumption against extraterritoriality of a statute," Hafner contends that there was no allegation that he committed any of the charged offenses within the territorial jurisdiction of the United States. *See* Hafner Certification at ¶ 3. This argument likewise fails. "[T]he mere assertion of a legal defense is insufficient; the defendant must present a *credible* claim of legal innocence." *James*, 928 F.3d at 255 (quoting *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007)). Hafner's claim of legal innocence on this basis is simply not credible. Even assuming that the criminal statutes charged in the Indictment – 18 U.S.C. § 875(b), 18 U.S.C. § 875(c), and 18 U.S.C. § 844(e) –

have no extraterritorial application and are limited to domestic conduct, Hafner's argument still fails because Hafner's prosecution and conviction involved a permissible domestic application of these statutes.

If a statute does not apply extraterritorially, courts must assess whether the case at hand involves a domestic application of the statute. *RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 337 (2016). To identify a permissible domestic application, a court must determine the statute's "focus" and whether the conduct relevant to the statute's focus occurred inside the United States. *Id.* "The statutory focus is 'the object of the statute's solicitude – which can turn on the conduct, parties, or interests that it regulates or protects.'" *United States v. Elbaz*, 39 F.4th 214, 223 (4th Cir. 2022) (quoting *WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129, 2138 (2018). "If the conduct relevant to the statute's focus occurred in the United States, then the case involves a permissible domestic application even if other conduct occurred abroad[.]" *Id.* (quoting *RJR Nabisco*, 579 U.S. at 337).

In *Elbaz*, the Fourth Circuit applied this framework and held that the defendant's prosecution for wire fraud, in violation of 18 U.S.C. § 1343, involved a "permissible domestic application" of the wire-fraud statute. 39 F.4th at 224. There, the defendant, based in Israel, operated a multimillion-dollar fraud scheme that targeted unsophisticated victims worldwide, including victims in the United States. *Id.* at 219. The defendant was later convicted of wire fraud and, on appeal, argued that the wire fraud statute was impermissibly applied to convict her for extraterritorial conduct.

9

*Id.* at 219-20, 222.  Although the Fourth Circuit found that the wire fraud statute does not apply to extraterritorial conduct, the court nevertheless affirmed the defendant's conviction as a permissible domestic application of the wire fraud statute.  *Id.* at 222-25.  After examining the text and elements of 18 U.S.C. § 1343, the court found that "the focus of the wire fraud statute is the use of a wire" because "[t]he wire transmission itself is the actus reus that is punishable by federal law."  *Id.* at 223-24.  The court found that this conclusion was further supported by the fact that a wire transmission of a message in furtherance of a scheme to defraud occurs both "where the wire transmission at issue originated and where it was received."  *Id.* at 224.  And while the defendant's wire transmissions originated abroad, they "were received by victims in Maryland using wires in Maryland."  *Id.*  Accordingly, the Fourth Circuit concluded that the charged wire transmissions were domestic and upheld the defendant's conviction for wire fraud as a "permissible domestic application" of the wire fraud statute.  *Id.*

Likewise, here, Hafner's convictions are permissible domestic applications of 18 U.S.C. §§ 844(e), 875(b) and 875(c).  As with the wire fraud statute at issue in *Elbaz*, the focus of each of the statutes charged in this case is the *transmission* of a threatening communication in interstate or foreign commerce.  And the transmission of a threatening communication occurs both where it originated and where it was received.  Here, the threatening communications transmitted by Hafner were received by victims in New Jersey using wires in New Jersey.  Thus, Hafner's convictions are all permissible

10

domestic applications of 18 U.S.C. §§ 844(e), 875(b), and 875(c).  Accordingly, Hafner has not asserted a credible claim of legal innocence on this ground.

**B. Hafner Has Failed To Provide Strong Reasons For Withdrawing His Guilty Plea.**

The second factor a court must consider in assessing whether a guilty plea may be withdrawn is whether the defendant has proffered "sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." *James*, 928 F.3d at 257.

Here, Hafner asserts that he should be permitted to withdraw his guilty plea because it was the product of prior counsel's ineffective assistance. *See* Hafner Br. at pp. 9-16.  Specifically, Hafner claims that his prior attorney's representation was deficient because prior counsel provided "incomplete and equivocal advice" as to whether Hafner's entry of the guilty plea precluded him from challenging on appeal the Court's adverse rulings on his pretrial motions. Hafner claims that he suffered prejudice as a result of prior counsel's incomplete advice because it led him enter a guilty plea under the mistaken belief that he "would not be prevented from appealing any issue, including the pretrial motions." *See* Hafner Certification at ¶ 10.

To be valid, a guilty plea must be the product of "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).  "A valid claim of ineffective assistance of counsel can negate the intelligent and voluntary nature

of a guilty plea and provide a basis for withdrawing it." *James*, 928 F.3d at 258. However, "[a] court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." *Jones*, 336 F.2d at 253-54. To establish prejudice under the second prong in this context, a defendant must show that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Here, Hafner has not satisfied either prong. Prior counsel specifically advised Hafner of counsel's belief that an unconditional guilty plea constitutes a waiver of a defendant's right to appeal rulings on pretrial motions, though counsel candidly indicated to Hafner that he was uncertain as to whether this rule applied in state court, federal court, or both. *See* Government's Exhibit A, Declaration of Mark W. Catanzaro, Esq., dated October 28, 2022, at ¶ 7 (hereafter, "Catanzaro Declaration"). Yet, prior counsel also strenuously and repeatedly admonished Hafner not to sign the plea agreement and enter the guilty plea if Hafner's ability to appeal the Court's pretrial rulings was an important factor in his decision to plead guilty. *See id.* Having been so advised, Hafner elected to plead guilty.

In fact, at least as it pertains to Hafner's ability to appeal the Court's ruling on the *Faretta* issue, prior counsel's uncertainty on this point was not

entirely misplaced.[2]  That is because there exists a split of authority in the Circuit Courts as to whether an unconditional guilty plea waives the right to appeal the denial of the defendant's right to self-representation under *Faretta*, and there is no controlling precedent on this issue from either the Third Circuit or the Supreme Court.  In the Ninth Circuit, an improper denial of a defendant's request for self-representation renders any subsequent guilty plea *per se* involuntary and, thus, voids any guilty plea.  *See United States v. Hernandez*, 203 F.3d 614, 626 (9th Cir. 2000), *overruled on other grounds by Indiana v. Edwards*, 554 U.S. 164 (2008).  But the Fourth, Seventh, Eighth, and Tenth Circuits all hold that a defendant's entry of an unconditional guilty plea operates as a waiver of the right to appeal a district court's denial of the right to self-representation, even if that denial was improper.  *See United States v. Dewberry*, 936 F.3d 803, 805-07 (8th Cir 2019); *United States v. Moussaoui*, 591 F.3d 263, 279-80 (4th Cir. 2010); *Gomez v. Berge*, 434 F.3d 940, 943 (7th Cir. 2006); *United States v. Montgomery*, 529 F.2d 1404, 1407 (10th Cir. 1976). As a result, it remains unclear whether Hafner has even waived through his guilty plea his right to appeal the Court's denial of his request to represent himself.

---

[2] The Third Circuit has not opined on this issue specifically, but has held that the entry of an unconditional guilty plea operates as a waiver of the defendant's right to appeal all non-jurisdictional claims of pre-existing error, such as adverse rulings on pretrial suppression motions, *see United States v. Porter*, 933 F.3d 226, 229-31 (3d Cir. 2019), and on pretrial motions raising statutory and constitutional speedy trial claims, *see Washington v. Sobina*, 475 F.3d 162, 166 (3d Cir. 2007); *United States v. Garba*, 128 Fed. App'x. 855, 857 (3d Cir. 2005) (not precedential).

In any event, in the face of prior counsel's stated belief that an unconditional guilty plea may constitute a waiver of the defendant's right to appeal adverse pretrial rulings, and despite counsel's repeated admonitions to Hafner not to enter the guilty plea if the ability to appeal those pretrial rulings was important to him, Hafner nonetheless voluntarily chose to sign the plea agreement and proceed with the entry of a guilty plea. *See* Catanzaro Declaration at ¶ 7. Under these circumstances, Hafner's decision to plead guilty was not the product of any alleged "incomplete" or "equivocal" advice from his prior attorney. *Cf. United States v. Akande*, 956 F.3d 257, 261-64 (4th Cir. 2020) (reversing district court's denial of defendant's § 2255 motion where plea counsel admittedly misadvised defendant that his unconditional guilty plea preserved his right to appeal adverse pretrial suppression ruling, and record established that preserving appellate rights was defendant's "top strategic priority" in deciding whether to plead guilty). Rather, it was the result of "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56. Said differently, counsel cannot have rendered deficient advice where he advised Hafner that he did not specifically know the answer to the *Faretta* waiver issue, and that Hafner should not enter the guilty plea if preserving his ability to appeal was important to him. Thus, Hafner has failed to demonstrate that prior counsel's advice was deficient, or that prior counsel's advice caused him to forgo a jury trial and admit guilt.

14

Likewise unpersuasive is Hafner's claim that his "state of mind at the time of the plea" negatively impacted his ability to understand the ramifications of his choice to plead guilty.  Indeed, this claim is plainly contradicted by the record.  For instance, Hafner's answers to the Court's questions during the *Faretta* hearing objectively demonstrate that he was not suffering from any cognitive defect that impaired his understanding:

| | |
|---|---|
| THE COURT: | Okay.  So you are still seeking to represent yourself in this trial? |
| DEFENDANT: | Yes, Judge. |
| THE COURT: | Okay.  So there are a number of questions I have to ask you.  First, are you under the influence or have you had any alcohol, medication, or any prescription drugs within the last 24 hours? |
| DEFENDANT: | No, Judge. |
| THE COURT: | Have you ever studied law? |
| DEFENDANT: | Yes. |
| THE COURT: | Can you give me a description of the study of law that you've undertaken? |
| DEFENDANT: | A variety of courses, Judge.  I have a degree as well. |
| THE COURT: | I'm talking about the law portion. |
| DEFENDANT: | Yes. |
| THE COURT: | What kind of law classes have you taken? |
| DEFENDANT: | Introduction to criminal justice, criminal law, narcotics investigations, intelligence function, organizational integration, narcotics investigations, sex crimes, policing systems. |
| THE COURT: | Okay. |

15

> DEFENDANT:   Those are some of them.  I'm probably missing a few, but, yeah, criminology, victimology, judicial function.

*See* ECF No. 137 (page 5, line 1 through page 6, line 1).  Moreover, prior counsel has "no doubt that Mr. Hafner understood everything that I explained to him prior to the entry of his guilty plea on May 17, 2022."  *See* Catanzaro Declaration at ¶ 8.  Thus, Hafner's self-serving claim concerning his "state of mind at the time of the plea" provides no support for the withdrawal of his guilty plea.  The Court should deny Hafner's motion.

## C. The Government Would Be Prejudiced By The Withdrawal Of Hafner's Guilty Plea.

The third factor a court must consider in assessing whether a guilty plea may be withdrawn is whether the government would be prejudiced by the withdrawal of the defendant's guilty plea.  *Jones*, 336 F.3d at 252.  However, the government is not required to show prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of his guilty plea. *Id.* at 255.  Nevertheless, courts have recognized that "[p]rejudice to the Government inevitably arises when a defendant enters his plea on the day of trial after jurors, witnesses and court personnel are assembled and ready to proceed."  *United States v. Trott*, 604 F. Supp. 1045, 1050 (D. Del. 1985); see also *United States v. Crowley*, 529 F.2d 1066, 1072 (3d Cir. 1976) (finding prejudice to the government where the defendant entered a guilty plea "on the day of trial, when jurors, witnesses and court personnel had been assembled for the trial, and then [made] the request for withdrawal of the plea several days later").

Here, the Court is not required to evaluate the prejudice to the government because Hafner has failed to demonstrate that the other factors favor granting his motion. *See Jones*, 336 F.3d at 255. Regardless, the government's witnesses, the jurors, and court personnel were all assembled and ready to proceed not once, but twice before Hafner entered his guilty plea on the first day of the second trial. Certainly, the government would be prejudiced by the withdrawal of Hafner's guilty plea if it were again required – for a third time – to assemble, prepare, and arrange for its numerous civilian and law enforcement witnesses to appear in Court and testify at trial after having already made those preparations twice before.

And the prejudice to the government is even greater here, when the fear and emotional distress that Hafner inflicted upon his victims in this case – through his barrage of profane, violent, and graphic threats to kill them and their spouses, kidnap their children, burn down their homes, and bomb their workplaces – is properly factored into the analysis. To require the government to begin all over again in assembling these witnesses and preparing them for trial for a third time because Hafner is suffering from buyer's remorse would be extremely unfair and prejudicial.

Therefore, although the government need not show prejudice here because Hafner has failed to adequately demonstrate the other factors, there would be substantial prejudice to the government if Hafner were permitted to withdraw his guilty plea. As a result, this factor weighs heavily against allowing Hafner to withdraw his guilty plea.

## CONCLUSION

For all the foregoing reasons, the United States respectfully requests that the defendant's motion to withdraw his guilty plea be denied.

Respectfully submitted,

PHILIP R. SELLINGER
UNITED STATES ATTORNEY

By:    _s/ Ian D. Brater_
       _____
       Ian D. Brater
       R. Joseph Gribko
       Assistant U.S. Attorneys

Dated:     November 1, 2022
           Trenton, NJ