UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC G. HAFNER | Criminal No. 19-790 (MAS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Criminal Justice Act ("CJA") counsel Timothy R. Anderson's ("Mr. Anderson") sealed correspondence, dated March 11, 2023, requesting to withdraw as counsel for Defendant Eric G. Hafner ("Defendant"), and Mr. Anderson's accompanying sealed exhibit. This matter also comes before the Court upon the repeated requests by Defendant for the removal of Mr. Anderson as counsel. (*See, e.g.*, ECF No. 161.) The Court grants this joint request and, further, recuses itself from this matter in the interests of justice.

The Court incorporates by reference the procedural background of the Court's March 6, 2023 Memorandum Order (the "Memorandum Order"), which denied Mr. Anderson's previous request to withdraw as counsel. (*See generally* Mem. Order, ECF No. 160.) Since the issuance of the Memorandum Order, the nature of Mr. Anderson's concern has drastically escalated, and appropriately so. Mr. Anderson's sealed submissions detailed potentially privileged communications between him and Defendant, which also heavily implicated the Court, that occurred in the past few days. On March 13, 2023, the Court held a telephone conference with Mr. Anderson, Mr. Anderson's newly retained attorney, and the Government to discuss Mr. Anderson's newly filed request for withdrawal.

Upon review of Mr. Anderson's correspondence, and after hearing from the parties, the Court finds good cause to relieve Mr. Anderson as counsel. Specifically, the Court finds that all aspects of good cause exist here—"a conflict of interest, a complete breakdown of communication, [and] an irreconcilable conflict" between Defendant and Mr. Anderson. *See United States v. Senke*, 986 F.3d 300, 309-10 (3d Cir. 2021). Defendant agrees. (*See* ECF No. 161 ("The attorney-client relationship is broken beyond repair . . . Mr. Anderson and [Defendant] simply cannot work together."). And, of course, so does Mr. Anderson. The Court now appoints CJA-panel criminal defense attorney Stacy Biancamano to represent Defendant going forward into sentencing.

Additionally, the Court recuses itself from this matter. Section 455(a) of Title 28, United States Code, requires: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3d Cir. 1993) ("Whenever a judge's impartiality 'might reasonably be questioned' in a proceeding, 28 U.S.C. § 455(a) commands the judge to disqualify himself *sua sponte* in that proceeding."). Out of an abundance of caution and fairness to Defendant based on his recent communications aimed at the Court, which may now raise the question of this Court's impartiality toward Defendant during his sentencing, the Court recuses itself from the matter. *See Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 169-170 (3d Cir. 2004) (finding that district judge should have recused himself "given the appearance that [the Judge's] impartiality was compromised," and explaining that this principle holds true even at the sentencing stage).

For these reasons, and other good cause shown:

**IT IS**, on this 13th day of March 2023, **ORDERED** as follows:

1. Mr. Anderson and Defendant's request for Mr. Anderson to be relieved as counsel is **GRANTED.**

2

2. Stacy Biancamano shall be appointed as counsel.

3. The Court recuses itself from this matter.

                                                                               /s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

3