

*U.S. Department of Justice*

*United States Attorney
District of New Jersey*

---

*Ian D. Brater*  *402 East State Street, Room 430*  *609-989-2190*
*R. Joseph Gribko*  *Trenton, New Jersey 08608*
*Assistant United States Attorneys*

December 4, 2023

<u>Via ECF</u>

The Honorable Zahid N. Quraishi
United States District Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:    <u>United States v. Eric G. Hafner</u>
           <u>Crim. No. 19-790 (ZNQ)</u>

Dear Judge Quraishi:

    Without explaining the legal basis for his request, defendant Hafner requests permission to absent himself from the sentencing hearing in this case, currently scheduled for December 7, 2023. By making this request, Hafner effectively concedes he has no right to absent himself. As all the courts that have addressed that issue have concluded, he is correct. Hafner has no right under the Constitution or any other source, including Federal Rule of Criminal Procedure 43, to absent himself from the sentencing hearing. Hafner has offered no good reason to be allowed to be absent from the sentencing hearing, and there are many good reasons why he should be present. This Court should exercise its narrow discretion to excuse Hafner from the sentencing hearing and deny that request.

    First, Hafner has "no constitutional right to be absent from sentencing." *Cullen v. O'Neill*, No. CIV. 05-4932 (SRC), 2006 WL 182130, at *1–5 (D.N.J. Jan. 24, 2006) (Chesler, J.). *See also United States v. Moore*, 466 F.2d 547, 548 (3d Cir. 1972) (per curiam) ("there is no perceptible due process violation by demanding that the defendant attend trial"); *accord Sims v. Pfeiffer*, No. LA CV 15-9454 JCG, 2016 WL 6902096, at *1–3 (C.D. Cal. Nov. 23, 2016), *aff'd*, 749 F. App'x 589 (9th Cir. 2019); *Alvarez v. Conway*, No. 05 CIV. 3235 (NRB), 2005 WL 3434634, at *8 (S.D.N.Y. Dec. 13, 2005); *De La Rosa v. Perlman*, No. 02 CIV. 4810 SAS, 2003 WL

21556961, at *2–4 (S.D.N.Y. July 10, 2003); *United States v. Meinster*, 481 F. Supp. 1112, 1115 (S.D. Fla. 1979).

Indeed, Federal Rule of Criminal Procedure 43 *requires* Hafner's presence at sentencing. Fed. R. Crim. P. 43(a)(3) ("the defendant *must* be present at … sentencing"). As the Third Circuit made crystal clear over fifty years ago in *Moore*, "[w]hile Rule 43 does permit the court to continue the trial when the defendant absents himself, it does not, concomitantly, vest a right of absence in a defendant." 466 F.2d at 548. "Rule 43 … does not enable a defendant in a felony case to expressly waive his presence at trial," but "is simply a codification of the existing law that a felony defendant shall be present at every stage of the trial." *Id.*

The Second Circuit, noting that "a judge can and should compel a defendant to be present at all stages of a felony trial pursuant to Rule 43(a)," held "that there is a residue of judicial discretion in unusual circumstances where good cause is shown such as physical endangerment of the defendant to permit temporary absence." *In re U. S.*, 597 F.2d 27, 27-28 (2d Cir. 1979). "[I]n those exceptional circumstances," the judge may "exercise his discretion to accept a waiver of appearance from a defendant in a criminal trial where the choice of absence, a long continuance, or severance is exigent." *Id.* at 28.

Hafner has identified no reasons, much less "good cause," to excuse his presence at sentencing. On the other hand, there are very good reasons to require his presence. This is not a criminal case where the victim of the offenses was society at large, such as drug-trafficking, or the public fisc, like tax evasion or fraud on the government. Rather, Hafner victimized numerous individuals through his invidious threats to physically harm them and their loved ones.

Under the Crime Victims Rights Act, crime victims have the "right to be reasonably heard at any public proceeding in the district court involving … sentencing." 18 U.S.C. § 3771(a)(4). *See also* Fed. R. Crim. P. 32(i)(4)(B) ("Before imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard.").[1] That means being able to address the court orally in person at sentencing. "Limiting victims to written impact statements … would treat victims as secondary participants in the sentencing process. The CVRA clearly meant to make victims full participants." *Kenna v. U.S. Dist. Ct. for C.D. Cal.*, 435 F.3d 1011, 1016 (9th Cir. 2006) (granting victim's mandamus petition under the CVRA for an order vacating defendant's sentence and requiring the district court to allow the victims to speak at the resentencing). The Third Circuit agrees. *United States v. Vampire Nation*, 451 F.3d

---

[1] Rule 32 was "amended, effective December 1, 2008, to implement the CVRA." *United States v. Atl. States Cast Iron Pipe Co.*, 612 F. Supp. 2d 453, 489 (D.N.J. 2009).

189, 197 n.4 (3d Cir. 2006) ("Under the CVRA, courts may not limit victims to a written statement.") (citing *Kenna*); *see also United States v. Atl. States Cast Iron Pipe Co.*, 612 F. Supp. 2d 453, 491 (D.N.J. 2009) (the federal Courts of Appeal, including the Third Circuit, have "recognized … that a crime victim does have the right to speak at sentencing unless special circumstances exist"). Under Rule 43(a), they have the right to do so in Hafner's presence.

Allowing Hafner to absent himself from sentencing would fundamentally undermine that right. Aside from the Court, Hafner is the person to whom the victims' statements will be principally directed. Forcing Hafner to listen to the accounts of his victims is necessary to provide whatever cathartic effect the victims will receive from sentencing. And particularly given Hafner's relentless recidivism proved by the trial evidence, his presence at sentencing to hear the accounts of his victims will hopefully cause him some measure of remorse for his crimes, and therefore deter future crimes by Hafner, a primary purpose of sentencing. *See* 18 U.S.C. § 3553(a)(2)(B) (sentencing court must consider "the need to afford adequate deterrence to criminal conduct").

Hafner should be required to hear, first-hand, this Court's imposition of and explanation for the sentence it imposes. Hafner may seek to absent himself from the sentencing hearing to spare himself from public opprobrium. But that opprobrium is a significant part of the punishment of the sentence, and another force for deterrence. Additionally, this Court should consider, in fashioning the appropriate sentence, whether Hafner has any remorse for his crimes, and if he chooses to express remorse, the sincerity of that expression, which can be effectively done only if Hafner speaks to the Court in person.

In summary, this Court should deny Hafner's request to absent himself from sentencing.

        Respectfully submitted,

        PHILIP R. SELLINGER
        United States Attorney

        *s/ Ian D. Brater*

By:   Ian D. Brater
      R. Joseph Gribko
      Assistant U.S. Attorneys

cc:   Brandon Minde, Esq. (Counsel for Defendant)
      Danielle K. Vargas (U.S. Probation Office)