# EXHIBIT 1

# ERIC HAFNER
# 354 DOREMUS AVE
# NEWARK NJ 07105



TO: Third Circuit Clerk
U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

## PETITION FOR WRIT OF MANDAMUS

Dear Third Circuit Clerk:

Please find attached a copy of a petition for writ of mandamus (20 pages) and three additional copies.

I wish to proceed *in forma pauperis*, please provide me with the necessary paperwork and any other forms required to file and proceed with this action.

Underlying criminal case the writ of mandamus is being sought is: District of New Jersey – United States v. Eric Hafner Crim. No. 19-790

ERIC HAFNER
354 DOREMUS AVE
NEWARK NJ 07105

Other parties:

Judge Zahid N. Quraishi
U.S. District Judge
402 E State St
Trenton NJ 08608

U.S. Attorney's Office
402 E State St
Trenton NJ 08608

Thank you,

*Eric Hafner*

ERIC HAFNER                    Dated: September 18, 2023

JS 44 (Rev. 04/21)                                                **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ERIC HAFNER | U.S.D.C. FOR D. NJ |

| (b) County of Residence of First Listed Plaintiff **ESSEX**<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>ERIC HAFNER<br>354 DOREMUS AVE, NEWARK NJ<br>07105 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☒ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government<br>Defendant | ☐ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>  Act of 2016<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>  (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>  Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☒ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>28 USC 1651 ~ Fed Rule App P. 21<br>Brief description of cause:<br>MANDAMUS |
|---|---|

| **VII. REQUESTED IN<br>COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☐ Yes   ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S)<br>IF ANY** | *(See instructions):*   JUDGE  ZAHID N. QURAISHI   DOCKET NUMBER (D.NJ) 19-790 |
|---|---|

DATE  9/18/2023                SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## In Re Hafner

RECEIVED
SEP 2 6 2023
US CA 3rd CIR

**Underlying criminal case UNITED STATES v. ERIC HAFNER D.N.J. Crim No. 0R790**

# Mandamus Case <u>In Re Hafner</u>

No. _____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

## In re ERIC HAFNER,
Petitioner

_____

*PETITION FOR WRIT OF MANDAMUS*
*to the United States District Court*
*for the  District of New Jersey*
*<u>(Fed. R. App. P. 21)</u>*

**ERIC HAFNER**
**354 DOREMUS AVE**
**NEWARK NJ 07105**

RECEIVED
SEP 2 6 2023
U.S.C.A. 3rd CIR.

# In Re Hafner

### *RELIEF SOUGHT*

Petitioner Eric Hafner petitions for a writ of mandamus pursuant to <u>Rule 21 of the Federal Rules of Appellate Procedure</u> and 28 U.S.C. § 1651 seeking:

1. An immediate order staying all proceedings before the District Court in case 19-790 in the District of New Jersey on September 18, 2023 pending the outcome of this Petition; and

2. A writ of mandamus requiring U.S. District Judge Zahid N. Quraishi to rescind and set aside the filing injunction that was improperly imposed, to prevent Petitioner from filing motions he is entitled to and provide the ability to file the motions.

### *ISSUES PRESENTED*

Petitioner seeks mandamus relief to dissolve an improper filing injunction imposed by a District Judge, that prevents the filing of motions petitioner is entitled to, and prevents a proper record being made for appeal, and violates due process.

**This a petition for mandamus relief to dissolve an improperly entered filing injunction, preventing the petitioner, a defendant in a criminal matter, from filing motions he is entitled to at the District Court level, during this period of his case, United States v. Hafner 19-790, in which he is Defendant.**

# <u>PETITIONERS'S WRIT TO DISSOLVE THE DISTRICT COURT'S FILING INJUNCTION</u>

**"Mandamus provides a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." <u>In re Diet Drugs Prods. Liab. Litig.</u>, <u>418 F.3d 372</u>, 378 (3d Cir. 2005) (citation and internal quotation marks omitted). To justify the use of this extraordinary remedy, Petitioner must show both a clear and indisputable right to**

## In Re Hafner

the writ and that he has no other adequate means to obtain the relief desired. <u>See</u> <u>Haines v. Liggett Grp. Inc.</u>, <u>975 F.2d 81</u>, 89 (3d Cir. 1992).

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. <u>In re Diet Drugs Prods. Liab. Litig.</u>, <u>418 F.3d 372</u>, 378 (3d Cir. 2005). Generally, mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." <u>Id.</u> (cleaned up). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." <u>Madden v. Myers</u>, <u>102 F.3d 74</u>, 79 (3d Cir. 1996), <u>superseded in part on other grounds by</u> 3d Cir. L.A.R. 24.1(c) (1997).

(1) "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions"; (2) "notice to the litigant to show cause why the proposed injunctive relief should not issue"; and (3) narrow tailoring of the injunction "to fit the particular circumstances of the case." <u>Brow v.</u> <u>Farrelly</u>, <u>994 F.2d 1027</u>, 1038, 28 V.I. 345 (3d Cir. 1993).

For the first requirement of <u>Brow</u>, one must conclude that the conditions were not ripe for consideration of a filing injunction. <u>See id.</u>; <u>see also In re Oliver</u>, <u>682 F.2d 443</u>, 446 (3d Cir. 1982) ("[A] continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court.").

One must say the same with respect to <u>Brow</u>'s second requirement. The District Court did not warn Petitioner that any conduct may result in the specific sanction of a *filing injunction*. Even general warning about "sanctions" may not adequately inform a litigant that their access to the courts may be curtailed – there was none at all in the case. <u>Cf. Gagliardi v. McWilliams</u>, <u>834 F.2d 81</u>, 83 (3d Cir. 1987) (per curiam) (holding that request in defendants' Rule 11 sanctions motion for "other appropriate relief" was insufficient notice to pro se plaintiff that district court would impose filing injunction).

Furthermore, the District Court did not invite Petitioner to comment on the propriety of a filing injunction before the injunction was imposed. Show-cause proceedings are an effective way to elicit a litigant's arguments in opposition to a filing junction, but the lack of such formal proceedings may not always be dispositive. <u>Cf. Schlaifer Nance & Co. v. Estate of Warhol</u>, <u>194 F.3d 323</u>, 334-35 (2d

# In Re Hafner

Cir. 1999). At a minimum, a litigant facing a filing injunction must be provided "some occasion to respond" to the potential restriction. Gagliardi, 834 F.2d at 83.

## WITHDRAWAL OF A GUILTY PLEA *PRIOR* TO SENTENCING PROVIDES A MUCH MORE LIBERAL STANDARD FOR A DEFENDANT TO MEET THAN SUCH AFTER SENTENCING

"[M]otions to withdraw guilty pleas made *before* sentencing . . . should be granted freely,"
*Gov't of V.I. v. Berry,* 631 F.2d 214, 219, 17 V.I. 623 (3d Cir. 1980)

Just as the Federal Rules of Criminal Procedure authorize the entry of a guilty plea, they authorize its withdrawal. *See generally* Fed. R. Crim. P. 11. When, a defendant seeks to withdraw their guilty plea *after* the Court has accepted it, but before sentencing, the defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This standard "must be applied liberally," but a defendant cannot withdraw their guilty plea "simply on a lark." *United States v. McTiernan,* 546 F.3d 1160, 1167 (9th Cir. 2008).

A defendant's motion to withdraw a plea of guilty under Federal Rule of Criminal Procedure 11(d)(2)(B) is timely any time *after* a guilty plea has been entered, but *before* sentencing has occurred.

*When* a defendant moves to withdraw his plea is critical.

When a defendant moves to withdraw his plea *before sentencing*, Rule 11(d)(2)(B) directs the district court to permit withdrawal for any fair and just reason.

If the defendant waits until their conviction is final, the district court cannot permit withdrawal and the plea can be set aside only on direct appeal or in collateral proceedings, that is, if the plea is somehow invalid. *See* Fed. R. Crim. P. 11(e). If, on the other hand, the defendant moves for withdrawal prior to sentencing, the district court shall permit withdrawal if the defendant establishes a fair and just reason for doing so. *See* Fed. R. Crim. P. 11(d)(2)(B).

# In Re Hafner

It is true that a defendant who pleads guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). Rather, the defendant "may only attack the voluntary and intelligent character of the guilty plea." *Id.*; *United States v. Brizan*, 709 F.3d 864, 866-67 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 151, 187 L. Ed. 2d 107, (2013). But this standard only applies on appeal when a defendant may only bring a collateral attack on the plea. *United States v. Davis*, 428 F.3d 802, 806 (9th Cir. 2005).

It has been emphatically stated that "a defendant does *not* have to prove that his plea is invalid in order to establish a fair and just reason for withdrawal before sentencing. *The invalidity standard applies only after a defendant has been sentenced.*" *Id.* (second emphasis added).

In *United States v. Ortega-Ascanio*, 376 F.3d 879, 884 (9th Cir. 2004), the Court of Appeals explained why a defendant does not have to establish that their plea is invalid in order to **withdraw it before the trial court, prior to sentencing:**

"To hold that a defendant has *not* shown a fair and just reason for withdrawing his guilty plea if the plea was voluntary and therefore *will* not be subject to collateral attack **improperly limits "a fair and just reason"** to only those cases in which the plea is invalid. Such an interpretation of "fair and just'" renders the rule nothing more than an expedited hearing on a challenge to the voluntariness of a plea. A fair reading of the broad language of Rule 11(d)(2)(B)-"a defendant may withdraw a plea of guilty or nolo contendere . . . if the defendant shows a fair and just reason"-establishes that a defendant need not prove that his plea is invalid in order to meet his burden of establishing a fair and just reason for withdrawal." *Id.* at 884

*See United States v. Gray*, 152 F.3d 816, 819 (8th Cir. 1998) (defendant seeking to withdraw plea before sentencing is given more liberal consideration); *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996) (standard of review; court may grant motion to withdraw guilty plea if defendant files such motion *before* sentencing and establishes fair and just reason for withdrawing plea).

"[W]hile a plea's invalidity qualifies as a *'fair and just reason'* for permitting withdrawal, it is *not* a prerequisite to withdrawal." *United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005) (citation omitted). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered the

## In Re Hafner

plea." *Id.* at 1011. "Like the voluntariness of the plea, a defendant's claim of innocence can clearly be considered in *support* of his motion to withdraw a plea." *Id.* at 1012.

Before the December 2002 amendments to the Federal Rules of Criminal Procedure, the content of today's rule Fed. R. Crim. P. 11(d) was found in Rule 32(e), and before that, Rule 32(d). "Despite minor language changes in the rule, the *'fair and just reason'* standard *remains the same. . . .*" *United States v. Nostratis*, 321 F.3d 1206, 1208 n.1 (9th Cir. 2003). "

The Federal Rules of Criminal Procedure were amended in 2002 to, *inter alia*, move the substance of prior Rule 32 authorizing defendants to seek the withdrawal of a guilty plea prior to sentencing to Fed. R. Crim. P. 11(d). **Because the substance of the rule has not changed, precedent referring to Rule 32 continues to be authoritative." *United States v. Wilson*, 429 F.3d 455, 458 n.2 (3d Cir. 2005).**

The "fair and just reason" standard implies that "the defendant is not entitled to withdraw that plea simply at his whim," *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). Withdrawal will be permitted, however, where "the granting of that privilege seems fair and just." *United States v. De Cavalcante*, 449 F.2d 139, 141 (3d Cir. 1971).

The Rule 32 Advisory Committee Notes recognize that a **"fair and just"** reason **justifying the withdrawal** of a plea **presentence** *may not be sufficient to sustain a post-conviction challenge* to a plea. Fed. R. Crim. P. 32, Advisory Committee Notes (1983 Amendments) ("*Illustrative of a reason which would meet [the fair and just] test but would likely fall short of the 2255 test is where the defendant now wants to pursue a certain defense which he for good reason did not put forward earlier.*").

The pre-sentencing 'fair and just' standard is vastly different than a 28 U.S.C. § 2255 motion. A prisoner serving a sentence in federal custody may only move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the grounds that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral review . . . ." 28 U.S.C. § 2255(a).

A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal, and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . .

# In Re Hafner

. present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

Generally, under § 2255 the habeas petitioner bears the burden of proving his or her conviction is illegal. United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). "In order to prevail on a § 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.' United States v. Hrynko, No. 20-cv-6099, 2021 U.S. Dist. LEXIS 141436, 2021 WL 3209891, at *1 (E.D. Pa. July 29, 2021) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)).

When, a defendant seeks to withdraw their guilty plea after the Court has accepted it, the defendant must "*show a fair and just reason for requesting the withdrawal.*" Fed. R. Crim. P. 11(d)(2)(B); *United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009) ("The burden of establishing that withdrawal is warranted rests on the defendant"). This standard "must be applied liberally," but a defendant cannot withdraw their guilty plea "simply on a lark." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008).

There is no select set of circumstances that will justify withdrawal and "each case must be reviewed in the context in which the motion arose to determine whether, ultimately, a 'fair and just' reason exists." *Id.* But courts have "often repeated that fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Ensminger*, 567 F.3d at 590-91 (internal alterations and quotation marks omitted).

A defendant may withdraw a guilty plea if he can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the burden of demonstrating a "fair and just" reason" *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). The Third Circuit has instructed district court to consider three factors when evaluating whether such a reason exists: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.* **No one factor is mandatory** "such that failure to establish one will necessarily dictate rejection of the

# In Re Hafner

motion." *United States v. Wilder*, 134 F. App'x 527, 528 (3d Cir. 2005). The analysis requires the Court to consider and balance all three factors. *See id.*

In *United States v. Morgan*, <u>185 U.S. App. D.C. 372</u>, <u>567 F.2d 479</u> (D.C. Cir. 1977), the Court of Appeals held that, "where the accused seeks to withdraw his plea of guilty *before sentencing*, on the ground that he has a defense to the charge, the district court should not attempt to decide the merits of the proffered defense, thus determining the guilt or innocence of the defendant." *Morgan*, <u>567 F.2d at 493</u>.

"Legal innocence alone can support withdrawal of a guilty plea." *United States v. James,* <u>928 F.3d 247, 253, 71 V.I. 1195</u> (3d Cir. 2019). The relevant inquiry is "whether the defendant asserts his innocence[.]" *Jones*, <u>336 F.3d at 252</u>. "If a defendant is not legally culpable, it stands to reason that he should be able to withdraw his guilty plea before sentencing because he is exempt from any punishment for the alleged acts constituting the crime, regardless of whether he committed them." *James*, <u>928 F.3d at 254</u>.

It is clear and indisputable that when a defendant moves to withdraw a plea before sentencing, Rule 11(d)(2)(B) directs the district court to permit withdrawal for any fair and just reason. *See United States Ruiz*, <u>257 F.3d 1030, 1032</u> (9th Cir. 2001) . *When* a defendant moves to withdraw his plea is thus critical. If the defendant waits until his conviction is final, the district court cannot permit withdrawal and the plea can be set aside only on direct appeal or in collateral proceedings, that is, if the plea is somehow invalid. *See* Fed. R. Crim. P. <u>11</u>(e). If, on the other hand, the defendant moves for withdrawal prior to sentencing, the district court shall permit withdrawal if the defendant establishes a fair and just reason for doing so. *See* Fed. R. Crim. P. <u>11</u>(d)(2)(B). Thus, the standard of a "fair and just reason" must extend beyond a challenge to the validity of the plea. *See United States v. Rios-Ortiz*, <u>830 F.2d 1067, 1069</u> (9th Cir. 1987) (stating that the "fair and just" standard is more lenient than that applied on post-conviction review).

Under the 1983 Amendments to Rule 32(d), Fed. R. Crim. P., a defendant who fails to move to withdraw a guilty plea until *after* sentencing must proceed either by "direct appeal or by motion under <u>28 U.S.C. 2255</u>." The Commentary to the amendments explains that *after* sentencing has occurred, "a defendant who proceeds too late to come under the more generous 'fair and just' standard must seek relief under 2255, meaning the applicable standard is that stated in <u>Hill v. United States</u> . . . ." The "fair and just" standard applies only to motions to withdraw a plea made *before* sentencing.

# In Re Hafner

**Federal Rule of Criminal Procedure 11(d)(2)(B) directs a district court to permit a defendant to withdraw a guilty plea before sentencing if the defendant comes forward with any fair and just reason for doing so.** *See Ruiz*, 257 F.3d at 1032. **Defendant has not been sentenced. Therefore, Defendant has the right to move for a withdrawal of guilty plea, and such is timely.** The standard employed now is much lower than a post-sentencing collateral attack. It is irrefutable that Defendant has the right to make this motion now, as is necessary, for it to be considered under the liberal and generous "fair and just" standard.

## A SUBSEQUENT MOTION TO WITHDRAW A GUILTY PLEA *BEFORE* SENTENCING IS PERMISSIBLE, AND DEFENDANT IS ENTITLED TO FILE SUCH, WITHOUT ANY LIMITATIONS

The rule providing for withdrawal of a guilty plea *prior* to sentencing, under the "fair and just" standard, Fed. R. Crim. P. 11(d)(2)(B), imposes no limitation on filing more than one motion to withdraw a guilty plea. The only requirement is that it is filed *before* the defendant has been sentenced.

Courts have regularly entertained subsequent motions to withdraw pleas of guilty *prior* to sentencing. It does not appear that there has been any case where the content of the motion was restricted by the court, nor do courts allow the Government to dictate their content. As such motions use a balancing test, under the "fair and just" standard, there simply cannot be any restriction on how a defendant delivers their request, nor what grounds are discussed. This makes sense, because in order to make their case under such a balancing test, a defendant likely needs to intertwine arguments already discussed, with new points.

*United States v. King*, 604 F.3d 125, 134 (3d Cir. 2010) "King filed a **second motion** to withdraw guilty plea, this time..."

*United States v. Roskovski*, 2021 U.S. Dist. LEXIS 84379 (W.D.P.A. May 3, 2021) at *3, "approximately three weeks after the Court denied Mr. Roskovski's motion, *he obtained new counsel*....Then...he filed a **second Motion** to Withdraw Guilty Plea".

# In Re Hafner

## THE COURT'S FILING INJUNCTION WAS IMPROPERLY IMPOSED AND VIOLATES THE DUE PROCESS RIGHTS & FREEDOM OF SPEECH – ACCESS TO THE COURTS - OF DEFENDANT. THE FILING INJUNCTION IS UNLAWFUL.

The United States Supreme Court has indicated that the right to access the court is found in both the Due Process Clause and the First Amendment, Wolff v. McDonnell, 418 U.S. 539, 575-76, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). **These rights have been denied.**

Procedural due process provides that the Government shall not deprive any person of life, liberty, or property, without due process of law. *See* the Fifth & Fourteenth Amendments of the U.S. Constitution. In analyzing a procedural due process claim, the first step is to determine whether the nature of the interest is one within the contemplation of the liberty or property language of the U.S. Const. amend. XIV.

Substantive due process under protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them. Substantive due process contains two lines of inquiry: one that applies when a party challenges the validity of a legislative act, and one that applies to the challenge of a non-legislative action. When a legislative act is challenged, the appellate court applies rational basis review if no fundamental rights and liberty interests are at issue. *See* the Fifth & Fourteenth Amendments of the U.S. Constitution.

After the District Court became aware that Defendant was seeking to withdraw his guilty plea, counsel at the time of the plea, Mark W. Catanzaro asked to be relieved as he was "in a conflict position" with Defendant. The District Court granted his request. New counsel was then appointed by the District Court, Timothy R. Anderson. From the beginning *(less than a week after appointment)*, Defendant did not believe that Anderson was competent to take on the task, and sought alternative counsel (ECF No. 133). Anderson requested permission to withdraw, which the District Court denied.

Prior to Timothy R. Anderson filing the defense plea withdrawal motion reply brief, Defendant had alerted Timothy R. Anderson to information indicating that new arguments could not be made in a reply brief.

Timothy R. Anderson insisted this was not correct at the District Court-level, and that policy only existed at the Circuit Court-level, on appellate briefs. After Timothy R. Anderson botched the plea withdrawal motion, as Defendant ominously predicted* *(see* ECF No. 149 at pp. 13-14 & n.5 – District Judge stating that Timothy R. Anderson failed to properly raise issue to be considered before District Court, so obviously *not*

## In Re Hafner

preserved for appellate review)

*(\*only for Defendant to have his sage prediction arrogantly shot down by the District Judge – who claimed that because Timothy R. Anderson was a "member" of the CJA-panel, and had his "own practice", that Timothy R. Anderson was qualified. Yet, anyone who has a law license and is admitted to the USDC-NJ bar, can achieve both little more than filling out an application, with no quality review. The CJA-panel has more cases than lawyers willing to handle them at CJA-rate, so they will take anyone. Defendant was rational enough to consider that a man who has supposedly practiced federal criminal law exclusively for over a decade, yet has not filed a single substantive motion resulting in a LEXIS hit, is not someone up to the task a complex motion. A lawyer who seems to be entirely on the CJA-dole, basically welfare for lawyers, and has no LEXIS profile, is the bottom of the legal barrel.)*

, and the District Judge noting that new arguments made in the reply brief could not be considered (substantiating Defendant's concerns), in his order denying the motion. Defendant instructed Timothy R. Anderson that a second motion was required in order to place arguments not made in the opening brief properly before the District Court (and to preserve them for any potential appeal), and to also argue several newly identified issues, in addition to filing a motion for reconsideration. Thus, around Thanksgiving 2022, began Timothy R. Anderson's deceptive string-along of Defendant that continued through March 2023.

First, Timothy R. Anderson claimed that he was following up with everything Defendant had instructed of him, but was busy with a trial, then he said he was busy with trial but would be ready to proceed after the trial concluded. Timothy R. Anderson appeared the jail occasionally during this period, but always had extremely short visits, in which he claimed that he needed to go somewhere else, avoiding any substantive discussion. This went on into the New Year (2023). On January 13, 2023, Defendant was the victim of a brutal and brazen severe unprovoked physical assault, which resulted in Defendant's hospitalization, and placement for several months in the jail infirmary, and current placement in a medical pod. Defendant had then and still has, a broken arm *(which did not properly heal – and requires surgery which is necessary per orthopedic physician– yet denied by the U.S. Marshals, who are not medical professionals)*, a facial fracture, eye muscle damage, and his eye was swollen shut. Timothy R. Anderson was instructed to make requests to the jail for preservation of evidence of the brutal assault, but he dropped the ball. <u>Thankfully, another lawyer, who wasn't even representing Defendant, did this for him – and did so free of charge.</u> Timothy R. Anderson is not a good lawyer, or even adequately competent.

# <u>In Re Hafner</u>

Towards the end of the "representation", Timothy R. Anderson sent Defendant a letter trying to convince Defendant of an excuse not to do what Defendant instructed him to, based on an absurd misconstruing of law that was obviously not correct. Either Timothy R. Anderson is entirely unable to comprehend law (likely) or he was trying to mislead Defendant to carry out the wishes of the District Judge (also likely), or a combination therefore (extremely likely).

During this time period, Defendant again sought for Timothy R. Anderson to file what he had requested, yet Timothy R. Anderson continued his string along. Come February, it was clear Timothy R. Anderson's jig was up. Defendant had told him to file the motions, and finally, Timothy R. Anderson told Defendant that he needed to be sentenced, and could *then* make his arguments. Defendant knew that this was a load of lies. Defendant knew quite well that any appeal is based on the record from the District Court, and that in order for his plea withdrawal motion to be considered under the "fair and just" reason standard, the arguments all needed to be properly made, at the District Court, *before* sentencing.

Defendant caught Timothy R. Anderson in countless lies. For example, Defendant conveyed to Timothy R. Anderson that he wanted to argue that the District Judge's improper denial of his constitutional & statutory right to self-representation, provides among other basis, a "fair and just" reason to withdraw the plea. Timothy R. Anderson falsely told Defendant that argument had already been made. This was a bold faced lie. Timothy R. Anderson merely said in the plea withdrawal motion he filed that Defendant had been "disappointed", that Defendant was not allowed to represent himself.

There is a world of difference between saying that a Court's decision is "*disappointing*" versus a legal error that requires reversal, and is preserved for appellate review. A clear, properly cited, and argued legal basis needed to be put on the record, with the Government having the opportunity to respond, and a clear decision from the District Judge to have an issue preserved for appeal.

Defendant very clearly told Timothy R. Anderson he was adamant about his instructions, and that if Timothy R. Anderson did not do what he instructed, he needed to go *(as Defendant had already attempted to get rid of Timothy R. Anderson when came onto the case)*. Defendant wrote to the District Court, and Timothy R. Anderson also filed a motion to withdraw as counsel.

The District Judge gave some cock-and-bull story about how there was no further litigation to be had in the case, merely sentencing, and that Defendant shouldn't try to prevent that. Defendant's concern and objectives are simply centered on being able to properly make his arguments for a "fair and just" reason to withdraw the guilty plea,

# In Re Hafner

*before* any potential sentencing, so that the liberal and generous "fair and just" standard applies. If arguments are *not* properly made, *before* sentencing, the "fair and just" standard goes out the window and shoots to the moon with a 2255 motion. The District Judge also tellingly admitted in his order that he told Timothy R. Anderson when he appointed him that he would only be filing the motion, and then proceeding to sentencing.

This in itself proves that the District Judge had no intention, of giving Defendant a fair and objective hearing on the motion to withdraw the guilty plea. After all, if the District Judge was not obviously biased, and it was anything but a show hearing, when appointing counsel to file a plea withdrawal motion, there would have been the possibility of trial representation being discussed. **The District Judge has provided a glaring admission of his misconduct, and the blatant denial of due process.**

(*see* District Judge in Mem. Order, ECF No. 160. "The Court *only* appointed Mr. Anderson to take on the *exact* limited role of representing Defendant in the *final stages* of his case following the entry of Defendant's guilty plea-with *sentencing being the obvious remaining stage*, as the Court *specifically advised* Mr. Anderson when presenting him with the opportunity to take on this case.")

Defendant renewed his request to represent himself. The District Judge yet again shot him down. It is worth noting that the District Judge relied on the phony "diagnosis" of a government psychologist, claiming that Defendant had personality disorders (narcissistic personality disorder & antisocial personality disorder), and used that to assert that these phony diagnoses would prevent Defendant from being capable of representing himself.

During the competency hearing, the Department of Justice quack, Dr. Heather H. Ross, told the Court that supposedly the Defendant suffered from these "personality disorders", even though she did not observe any symptoms herself, or have any verifiable basis to support her quackery, *just the direction of the federal prosecutors*. It is unsurprising that a Department of Justice-employed psychologist would claim that a criminal defendant had a personality disorder that would be marked by violating society's rules.

Department of Justice employee, Dr. Heather H. Ross testified that personality disorders, in distinguishing them, were not serious mental illness, rather but a way of looking at the world. This is what Dr. Heather H. Ross testified to under oath, and the District Judge referenced this fact in his memorandum opinion finding Defendant competent. These supposed "*personality disorder*" diagnoses, were clearly major deciding factor in the District Judge's decision to deny Defendant his statutory and constitutional right to represent himself. Yet it has become known that these alleged diagnoses were mired in fraud.

# In Re Hafner

Since that hearing, Defendant has found that Dr. Heather H. Ross has diagnosed others with the exact same supposed personality disorders, with frequency. Despite what Dr. Heather H. Ross said during Defendant's competency hearing – in which a finding of serious mental illness would pose a road block to criminal prosecution, in cases involving civil commitments under the Adam Walsh Act (sex offenders), her testimony was entirely different. *After all, the Adam Walsh Act requires a **serious mental illness**, for someone to be civilly committed,*

Unlike her testimony in the instant case that a "personality disorder" was **not** at all a serious mental illness (and the District Judge referenced this in his memorandum opinion), in these Adam Walsh Act cases, she testified that these personality disorders are indeed serious mental illnesses. This fact provides that Dr. Heather H. Ross committed perjury, and that the testimony she gave, which the District Judge largely relied on in making his incorrect decision to deny Defendant his constitutional and statutory right to self-representation, was perjured. Furthermore, federal courts have found her diagnosis of such "*personality disorders*" to be **unreliable**.

**What is clear is that Dr. Heather H. Ross is no different than a prostitute or mercenary. When her employer, the Department of Justice, needs her to say something to help them get what they want in court, Dr. Heather H. Ross will say whatever she needs to say, for her employer, the Department of Justice to get the result they are seeking. The truth and/or facts are not a part of her equation.**

**The following excerpts of federal court cases involving Dr. Heather H. Ross, demonstrate her perjury, and how federal courts have found her to be unreliable.**

---

**United States v. Castle, 2018 U.S. Dist. LEXIS 133426, (E.D.N.C. August 8, 2018) at \*35, 36**

*... the criteria for civil commitment **under § 4248**, the government **must show**...an individual: ...2) currently "suffers from a **serious mental illness**, abnormality, or disorder"...*

**Drs. Ross** and Malinek also diagnosed respondent with **antisocial personality disorder** and testified that **such also disorder satisfies** the **second prong [serious mental illness]** of the § 4248 analysis.

# In Re Hafner

Antisocial personality disorder consists of: a pervasive pattern of disregard for and violation of the rights of others that begins in childhood or early adolescence and that is manifested by acts that are grounds for arrest. For the diagnosis of Antisocial Personality Disorder, the individual must be at least eighteen years old and must have symptoms of conduct disorder before age fifteen. Individuals with Antisocial Personality Disorder often fail to conform to social norms with respect to lawful behavior, and repeatedly perform acts, which are grounds for arrest.(Malinek Report (DE 16-1) at 28).

### United States v. Wooden, 217 F. Supp. 3d 843 (E.D.N.C. November 7, 2016)

"**Dr. Ross** believes that Mr. Wooden warrants diagnoses of ... **Antisocial Personality Disorder**...The Court also considered...testimony that Mr. Wooden merits a diagnosis of Antisocial Personality Disorder and that he exhibits narcissistic personality traits, characterized by "a persistent sense of grandiosity, self-importance, a need for admiration from others, a sense of entitlement," [DE 151 at 63]... diagnoses do not comport with the record evidence and the Court's observations of Mr. Wooden over a course of five years. As such, the **Court does not credit**...diagnoses because Mr. Wooden's behavior is better explained by his emotional immaturity and intellectual deficits...**The Court gives little credit to the Dr. Malinek and Dr. Ross on this issue and finds their testimony to be unreliable**..."

---

On March 13, 2023, the District Judge finally got the message that Timothy R. Anderson was not going to continue his legal malpractice laden, forcible hijacking of the defense. Apparently, he also got the message about where he can go, and what he can do. Ironically and hysterically, Timothy R. Anderson apparently retained a lawyer himself, and this hijacking finally came to an end. The District Judge, who by his own admission in the (ECF No. 160) order had hired a lawyer who was representing the desires of the District Judge, not the Defendant. The District Judge also referenced repeated requests by Defendant for the removal of Mr. Anderson as counsel. (See, e.g., ECF No. 161.).

Despite previously claiming on March 6, 2023 (ECF No. 160) that the District Court had been unable to find counsel to take the case, the District Court was able to do so relatively instantly.

# In Re Hafner

The District Judge (**SHIPP**) called it a day and recused himself. On March 20, 2023 a *pro se* motion to withdraw the guilty plea, dismiss the indictment, and order immediate release of Defendant, was received and filed by the Clerk of the Court (ECF No. 171).

Not long after, for reasons unrelated to the matter at hand, the newly appointed counsel withdrew from the case, due to a conflict-of-interest in representation. A different lawyer was substituted and that was that.

The newly assigned District Judge (**QURAISHI**) denied the *pro se* motion to withdraw the guilty plea, dismiss the indictment, and order immediate release of Defendant, as "*moot*" on April 11, 2023 (ECF No. 171), even though the Defendant was still sitting in jail, pre-sentencing, and the prior request to withdraw the guilty plea was not granted. This *pro se* motion contained various new arguments that certainly had not been made previously, finally Defendant was attempting to sail his own ship, and tell his experience, while seeking relief.

**On April 11, 2023 (ECF No. 181) the new District Judge entered a filing injunction decreeing *sua sponte* that Defendant (*who had continuously and repeatedly unequivocally sought to represent himself, to no avail*) was to go through appointed counsel in filing motions – and even then, appointed counsel could not file any motions without seeking leave of the Court "*Defendant is to go through appointed counsel and appointed counsel shall seek leave of the Court to address any potential motions not previously decided by this Court*".**

**Apparently the new District Judge viewed "*shall*" as mandatory for this purpose, but in a future argument that would have benefited Defendant, "*shall*" became optional to the new District Judge.**

**New and current counsel sought leave to file a complete motion to withdraw the guilty plea, dismiss the indictment, and order immediate release from custody. Defendant was (and at time of writing still is) not sentenced. The new District Judge deferred to the Government decide exactly what it would allow Defendant to argue (only a single point), and the new District Judge, on May 4, 2023, (ECF No. 187) entered an order officiating the Government's instruction, as a court-order, as to what Defendant could file.**

**In the Order (ECF No. 187), the new District Judge stated "*Defendant is reminded that he is pending sentencing and can avail himself of the appellate process and collateral challenges to this court's ruling and his conviction at the appropriate time and in the appropriate forum*."**

**In the order, the new District Judge announced *if Defendant wished* to "<u>*Raise new issues and leave to file additional motions, such requests will be denied*</u>".**

# In Re Hafner

Yet after entry of a plea, but before sentencing has occurred, in the District Court, is the appropriate time and forum for a pre-sentencing motion to withdraw a guilty plea, under the "fair and just" standard. In fact it is the only time and forum.

The new District Judge is hell bent on ramming through sentencing, and due process along with the other rights of Defendant can be dammed.

In the Government's opposition to Defendant's motion, they railed on the fact that Defendant had not offered new arguments. But the Government is who demanded, and received such by order, that Defendant could not raise any point but one single point. Defendant sought to brief on a variety of issues.

Since then, it has also been discovered that the Government withheld substantial *Giglio*, involving the criminal record of a key Government witness, **ANGELIQUE MOURE (DOB 1/10/1993)**, despite the fact the Government had claimed to have turned over all *Giglio* materials. The same Government witness, **ANGELIQUE MOURE (DOB 1/10/1993)**, whose criminal record includes crimes of dishonesty, has since been investigated for the same offense that Defendant is charged with, and of various drug-related incidents, including behavior aside from the substance abuse itself that brings her credibility into major dispute. Given the timing of a specific narcotics incident – within two months of the entry of plea – it appears at the time she would have testified, she was heavily abusing narcotics. The prior criminal record constitutes withheld *Giglio*, and the more recent criminal investigations and drug-related incidents involving the same key Government witness provide further *"fair and just"* reasons to withdraw a guilty plea before sentencing. The Government lied to Defendant about having turned over all *Giglio*, when the plea was entered, after two trials had already begun. Before each trial, the Government represented it had turned over all *Giglio*. The Government lied.

The Government has no grounds to complain about a plea being withdrawn, when had the trial that had already begun gone forward, Defendant would have been deprived of a fair trial due to the Government's false representations and prosecutorial misconduct, in withholding Giglio – which the Government agreed to disclose.


"A defendant may withdraw a plea of guilty or nolo contrendre ... [a]fter the court accepts the plea, but before it imposes sentence if ... [t]he defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "While the defendant is not permitted to withdraw [their] guilty plea 'simply on a lark,' the 'fair and just' standard is generous and must be applied liberally." *U.S. v. McTiernan*, <u>546 F.3d 1160</u>, 1167 (9th Cir. 2008) (quoting *United States v. Hyde*, <u>520 U.S. 670</u>, 676-77, 117 S. Ct. 1630, <u>137 L. Ed. 2d 935</u> (1997)).

# In Re Hafner

Fair and just reasons for withdrawing a guilty plea typically include "inadequate Rule 11 plea colloquies, **newly discovered evidence, intervening circumstances, or any other reason** for withdrawing the plea **that did not exist** *when* the defendant **entered** [their] plea." *McTiernan*, 546 F.3d at 1167

*The filing injunction is improper, and invalid*

The Third Circuit Court of Appeals has explained that District Courts may issue an injunction to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of the court before filing further complaints. *See Chipps v. U.S. Dist. Ct. for Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

The Court of Appeals has recognized, however, that a pre-filing injunction is an extreme remedy which must be "narrowly tailored and sparingly used." *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990) (quoting *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989)). "Narrowly tailored" means fitting the language of the injunction to the particular circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038, 28 V.I. 345 (3d Cir. 1993).

## Before imposing a filing injunction, a district court must

(1) ensure that the situation presents "exigent circumstances, such as the litigant's continuous abuse of the judicial process by meritless and repetitive actions,"

**NOT MET. Exigent circumstances did not apply. The pro se motion filed by Defendant chronicled numerous new issues, that Defendant has still been prevented from placing on the record.**

(2) allow the litigant "to show cause why the proposed injunctive relief should not issue," and

**NOT MET. The filing injunction was entered by the Court *sua sponte*, and Defendant had no notice nor opportunity to object.**

(3) "narrowly tailor[]" the filing injunction "to fit the particular circumstances of the case before [that court]." *Brow v. Farrelly*, 994 F.2d 1027, 1038, 28 V.I. 345 (3d Cir. 1993).

# In Re Hafner

**NOT MET. This broad and sweeping injunction basically shoved a sock into Defendant's mouth to ensure that even since expelling the hijacker (Timothy R. Anderson) from his case, that the Defendant still couldn't get back into the cockpit.**

None of the requirements for a filing injunction were met. Defendant had unwanted counsel "*appointed*" by Judge Shipp to "*represent*" him, that only **hijacked** his defense, and left him with no control. Judge Shipp admitted in his order that Timothy R. Anderson was only appointed to file a plea withdrawal motion, and then have Defendant sentenced. Disregarding the potential merits of a motion that did not yet exist, Judge Shipp already denied it. Defendant had no ability to control the filing of the motion, and Timothy R. Anderson prime loyalty was not to Defendant, but Judge Shipp's agenda.

Simply put, Defendant only wants to file his motion to withdraw his guilty plea, comprehensively, completely, and once and for all. This is necessary to have a proper record preserved for appeal.

(*see* District Judge in Mem. Order, ECF No. 160. "The Court **only** appointed Mr. Anderson to take on the **exact** limited role of representing Defendant in the **final stages** of his case following the entry of Defendant's guilty plea-with **sentencing being the obvious remaining stage**, as the Court *specifically advised* Mr. Anderson when presenting him with the opportunity to take on this case.")

In Azerbaijan, the country's elections office accidentally released the result of an election, showing the landslide victory of the ruling party. The only problem? The election was a couple days away!

Clearly, Judge Quraishi is intent on flying the defense airplane into the Twin Towers, and slaughtering the "infidel". Defendant wants no part in Judge Quraishi's acts of jihad against due process.

## CONCLUSION

For the foregoing reasons, in the interests of justice, with good and sufficient cause being shown, Petitioner should be granted the relief sought.

## In Re Hafner

Respectfully submitted,

*Eric Hafner*

**ERIC HAFNER**                              **Dated: September 18, 2023**



US COURTHOUSE
*THIRD CIR. CLERK
601 MARKET ST
PHILADELPHIA
PA 19106

FROM:
ERIC HAFNER
354 DOREMUS AVE
NEWARK NJ 07105

PRIORITY MAIL

US POSTAGE™ PITNEY BOWES

ZIP 07105 $ 009.550
02 2H
0000112500   SEP 21 2023

CERTIFIED MAIL

7022 1670 0001 5222 3798

In re:  ERIC G. HAFNER,

      Petitioner

OFFICE OF THE CLERK

PATRICIA S. DODSZUWEIT

CLERK



U<small>NITED</small> S<small>TATES</small> C<small>OURT OF</small> A<small>PPEALS</small>
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

October 6, 2023

Eric G. Hafner
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105

J. Andrew Ruymann
Office of United States Attorney
402 E State Street
Suite 430
Trenton, NJ 08608

RE: In re: Eric Hafner
Case Number: 23-2775
District Court Case Number: 3-19-cr-00790-001

**PACER account holders are required to promptly inform the PACER Service
Center of any contact information changes. In order to not delay providing
notice to attorneys or pro se public filers, your information, including address,
phone number and/or email address, may have been updated in the Third
Circuit database. Changes at the local level will not be reflected at PACER.
Public filers are encouraged to review their information on file with PACER and
update if necessary.**

**Effective December 15, 2008, the Court implemented the Electronic Case Files
System. Accordingly, attorneys are required to file all documents electronically.
See 3d Cir. L.A.R. 113 (2008) and the Court's CM/ECF website at
www.ca3.uscourts.gov/cmecf-case-managementelectronic-case-files.**

To All Parties:

Enclosed is the case opening information regarding the above-captioned petition filed by **Eric G. Hafner**, docketed at **No. 23-2775**. Any inquiries should be directed to your Case Manager in writing or by calling the Clerk's Office at 215-597-2995. This Court's rules, forms and case information are available on our website at http://www.ca3.uscourts.gov. The petition was received on **October 6, 2023.**

Counsel for Respondent(s) must file:

1. Application for Admission (if applicable); and
2. Appearance Form.
These forms must be filed **within 14 days of the date of this letter**.

Very Truly Yours,

s/ Patricia S. Dodszuweit
Clerk

By: s/ James King
Case Manager
Direct Dial: 267-299-4958

cc:     Honorable  Zahid N. Quraishi, Esq.